[No. 2843.    April 29, 1925.]

SUNMOUNT CO. v. NAGEL et al.

### SYLLABUS BY THE COURT

1. Where there is substantial evidence to support the findings of fact, and such findings support the conclusions of law, which in turn support the judgment, such judgment cannot be disturbed on appeal.

2. A theory of the admissibility of rejected evidence, not advanced in the trial court, cannot be considered on appeal.

Appeal from District Court, Santa Fe County; Holloman, Judge.

Suit by the Sunmount Company against John Nagel and others. From a judgment for plaintiff, defendants appeal. Affirmed.

J. J. Kenney and Geo. W. Prichard, both of Santa Fe, for appellants.

Renehan & Gilbert, of Santa Fe, for appellee.

### OPINION OF THE COURT

WATSON, J.   The Sunmount Company, appellee, claiming legal appropriation of the waters of the Arroyo de los Chamisos, and the right to divert the same to its property by means of a small pipe line running from its upper dam and of a larger pipe line running from its lower dam, and that appellants, having enjoyed a revocable license to maintain a branch to their premises from the smaller pipe line, on such license being revoked, refused to permit such branch to be disconnected, and that appellants, by means of drilling and explosives, have made a hole in appellee's lower dam, by means of which they were attempting, and intended to capture the waters impounded therein, filed its suit for an injunction restraining the continuance of such conduct and for damages accrued.   The court made findings of fact, specific and general, and conclusions of law, upon which it awarded judgment of perpetual injunction and damages in the sum of $200.

Errors are assigned to the number of 67.   In so far as these errors are submitted for our consideration, they are included within seven points, the substance of which seems fairly to be stated in appellee's brief as follows:

"(1) That Mathias Nagel, Sr., was a prior appropriator of underground water from the Arroyo Chamisos, through an inch and a quarter pipe, since 1893, and that the appellee's rights were servient.

"(2) That the court erred in its conclusion that the defendants should be restrained and enjoined, and that the one-inch pipe might be detached from the inch and a quarter main as a permissive right of revocable license and not vested.

"(3) That the court erred in enjoining the use of certain waters by the appellants, because they had acquired the right to use the said waters at least by prescription since 1892.

"(4) That the court erred in denying the appellants' right to show an agreement and arrangement between Gibson and Mitchell on the one hand and the elder Nagel on the other, for the division of the water under a purported contract dated September 10, 1902.

"(5) That the court erred in its finding of fact and con-

clusion of law that the elder Nagel had abandoned the four-inch pipe for more than four years prior to the institution of this suit, and for more than four years prior to the building of appellee's dam.

"(6)  That there was no competent evidence to authorize the finding and award of damages.

"(7) That illegal evidence was admitted which swayed the court's judgment."

[1]  As to points 1, 2, 3. 5, and 6, it is sufficient to say that the court's specific findings of fact are supported by substantial evidence, and are therefore, for the purposes of review, the facts in the case.  These findings of fact are a sufficient basis for the conclusions of law and the resulting judgment.  It would not be profitable to set forth herein the court's findings, nor to review the evidence upon which the same are based, nor to discuss the many propositions urged by counsel with respect thereto.  We have, however, examined the record with care, concluding as above stated.

Considering appellant's fourth point, it appears that in 1902 a written contract had been entered into between appellee's predecessor in interest and appellant's ancestor, reciting ownership by the latter of water rights in said arroyo, claimed to be, in part at least, the rights herein involved, and granting to the former the right to pipe water from said arroyo on and to supply certain lands therein described, which said right should continue until such time as the objects set forth in a certain other contract therein expressly referred to had been accomplished, which last-mentioned contract was not produced, and concerning the contents of which both parties professed ignorance.

Appellants now claim that they were erroneously prevented, either from showing a subsequent parol modification of the contract of 1902, or from explaining, by parol evidence, a patent ambiguity in said contract in respect to the manner in which the waters, the subject-matter of the contract, were to be divided between the parties. This claim of error is based upon the fol-

lowing record, John Nagel, one of the defendants, being examined by Mr. Kenney, his counsel;

"Q. Were you present when the arrangements were made between Mr. Gibson and your father about the use of the water?     A. Yes, sir.

"Q. Do you know what the arrangements were?     A. The arrangement was that Mr. Gibson—he used to come over there when he was building Sunmount, and he made the arrangements for the water, he was to keep up the inch pipe, and he was to take half of the flow of water in the inch pipe, and we was to get the other half.

"By the Court: I want to ask a question, Mr. Kenney. Is what you are trying to prove verbally as to some arrangements between the senior Nagel and Mr. Gibson the same thing as is included in this contract introduced in evidence?

"By Mr. Kenney: I can't say; I exhibited that contract for the purpose of showing that at that early time the predecessors in interest to Sunmount acknowledged a prior right in Mr. Nagel.     .

"By the Court: What I was getting at is this, if it is the same thing, of course this is incompetent testimony; you can't prove verbally the contents of the written contract.

"A. I just want to say that father went over and stopped him.

"By Mr. Renehan: I move to strike out the statement of the witness as immaterial; and I move to strike out all the testimony on the subject of the conversation between himself and his father, or Mr. Gibson, which he heard at his father's house, on the subject of some division of the water through this pipe, because it is based on the contract, Exhibit B, and he can't contradict the contract which has been made.

"By the Court: Yes; the motion will be sustained.

"By Mr. Kenney: Exception."

[2] It appears from this record that counsel presented no such a claim at the trial as is now advanced, although given by the court the opportunity to state the purpose for which the testimony was offered. Whether the testimony was proper for the purposes now claimed we need not consider. It is apparent that it was excluded upon the theory that it was an attempt to violate the parol evidence rule, and that the court's attention was not called to any proper theory upon which the evidence could be admitted.

Under their point 7, appellants urge generally that

much improper evidence was admitted over their objection, which evidently influenced the trial court in the conclusions reached. A careful reading of the record discloses nothing to satisfy us that there is merit in such contention.

Finding no error, we must affirm the judgment, and it is so ordered.

PARKER, C. J., and BICKLEY, J., concur.