[No. 3011. Sept. 5, 1927. Rehearing Denied Jan. 12, 1928.]

PRIESTLEY v. LAW et ux.

[262 Pac. 931.]

W. J. Lucas and H. E. Blattman, both of East Las Vegas, for appellants.

Easterwood & Thompson, of Clayton, for appellee.

## OPINION OF THE COURT

WATSON, J. Charles A. Law and Alice M. Law appeal from a judgment of foreclosure and sale rendered upon certain instruments given by them and held by the Union Trust & Savings Bank of Clayton as security for their notes. The judgment also denied them relief prayed for by their cross-complaint. After the commencement of the suit D. W. Priestley was appointed receiver of the Union Trust & Savings Bank and was substituted as plaintiff. It will be convenient to refer to the parties according to their status in the court below.

By the answer defendants admitted the execution of the notes and the giving of the securities, but denied that the amounts claimed in the complaint were due and payable. By cross-complaint they alleged that the notes in suit were the latest renewals of earlier notes given from time to time throughout a long course of dealing between the defendants and the Union Trust & Savings Bank, the First National Bank of Clayton, and H. J. Hammond, both of which corporations were alleged to have been under the control of H. J. Hammond, and all doing business at the same place; and that the notes were shifted among these three according to their convenience. This seems to be an admitted fact in the case, and it also appears that the Law indebtedness was always treated as a unit, however, at a particular time, it might be distributed among the three. It was further alleged that during the course of these dealings there had been exactions on the part of the banks and of Hammond, by way of interest charges in excess of the legal rate, and of service charges in excess of the amounts actually expended for such service, and for services for which the defendants were not obligated to pay; which, being included in the final renewals, constituted usury and entitled the defendants to the statutory penalty. It was further alleged that the defendants had kept no record of these transactions; had never been furnished with complete accounts thereof; and so were unable to set forth the amount of such usurious exactions, or the items thereof. All of the books and records disclosing the details of these transactions were alleged to

be in the possession of, or available to, the receiver. The defendants therefore prayed that the receiver be required to make full accounting of all transactions, that judgment be finally rendered in the receiver's favor for only the true amount of the principal of the loans, as shown by such accounting, and that the defendants have judgment on their cross-complaint for double the amount of interest received and reserved.

The plaintiff filed, successively, a reply, an amended reply, and a second amended reply. In the latter two he denied the exaction of any usurious interest, or the making of any illegal charges; denied knowledge or information as to the records of the transactions which defendants might have kept; and alleged that defendants had been at all times furnished with correct statements of the transactions as they occurred. In addition to this there was set forth, in some detail, the various charges which had been made to the defendants for service, and also the total amount of defendants' indebtedness on eleven different dates between July 16, 1919, and October 7, 1922.

The first contention is that the court erred in overruling the motion to make the amended reply more definite and certain. For present purposes it may be admitted that neither the amended reply nor the second amended reply was sufficient as an accounting, and that if, as a matter of pleading, defendants were entitled to have such an accounting in the reply, the court erred in its ruling. It is not plain, however, that they were so entitled. Accounting, as we understand, is an equitable remedy. It is not to be had for the mere asking, but upon allegation and proof of facts warranting the relief. We assume that the facts alleged in the cross-complaint would, if true, justify an accounting; but, as above stated, those facts were denied. It seems to us, therefore, that defendants' motion was premature. They had not yet established their right to an accounting, and the time had not arrived for putting the court to a decision of it. See, generally, 1 C. J. "Accounts and Accounting," §§ 122, 129, 130.

It is next contended that the court erred in overruling the demurrer to the second amended reply. The so-called demurrer is peculiar. It is not addressed to the reply as a whole, but to certain portions of it. It is not grounded upon the proposition that the reply, as a whole, states no defense to the cross-complaint. It picks out certain items of charges which plaintiff admits it made, and urges their invalidity. Assuming, for present purposes, that defendants were right in each of the contentions made in their demurrer, it does not follow that the demurrer should have been sustained. If it had been sustained, judgment would not have followed, because it would not have determined the issues. Defendants prayed for an accounting and for judgment, not for any fixed sum, but for double the sum such accounting should show to have been paid as interest. · If defendants had wished to rest their case upon what they considered admitted illegal exactions, they would, no doubt, have moved for judgment on the pleadings. We do not understand that a demurrer is to be used, as it was employed here, merely to obtain rulings as to the admissibility of evidence in advance of its offer. It is a pleading. If sustained, and in the absence of an amendment of the pleading held insufficient, final judgment follows. We think that counsel mistook the office of a demurrer, and that the court was not in error in overruling it. It does not conform to Code 1915, §§ 4110, 4111. It states no statutory ground, nor does it go to the whole reply or to one or more alleged defenses stated therein. See Kleiner et al. v. O'Kelley, 22 N. M. 624, 167 P. 1.

H. J. Hammond and Charles C. Hammond, as witnesses for the plaintiff, in their examination in chief testified that they were officers of the bank and had a general knowledge of its transactions with the defendants. They identified the notes and securities, and testified that certain sums were due and unpaid thereon. All this without 'objection. On cross-examination of these witnesses it was developed that their knowledge was general; that while they had personal charge of some of the transactions, others were handled by clerks; and that their testimony as to the amounts due was necessarily based up-

on the books and records of the banks. Defendants then moved to strike their testimony in chief. The overruling of their motion is assigned as error; the grounds being that it was not the best evidence and was hearsay. This assignment must be overruled. A motion to strike evidence which has been admitted without objection is addressed to the discretion of the court. State v. McKnight, 21 N. M. 14, 153 P. 76; State v. Blacklock, 23 N. M. 251, 167 P. 714; Crawford v. Gurley, 23 N. M. 662, 170 P. 736; State v. Lazarovich, 27 N. M. 282, 200 P. 422.

Upon the principle just invoked, we hold that there was no error in overruling the motion for judgment made at the close of plaintiff's case upon the theory that the only supporting evidence was secondary and hearsay. The evidence having been received without objection, and the court in its discretion having refused to strike it out, it made the plaintiff's case. State v. Blacklock, supra.

It is next urged that the court erred "in refusing to allow defendants to interrogate witnesses for both plaintiff and defendants as to the details of the various transactions in which the indebtedness sued upon in this cause was involved." While the proposition, as stated, refers to the refusal of the court to allow interrogation of witnesses for both plaintiff and defendants, the argument refers only to the cross-examinations of plaintiff's witnesses. The objections made and the rulings of the court were, in substance, that the questions propounded were not proper cross-examination, since the facts alleged to sustain the claim of usury were matter of defense. The right of the trial court to control the order of procedure, and to allow the plaintiff to make its case before taking up matters alleged in the cross-complaint, is not to be questioned in this state. State v. Carabajal, 26 N. M. 384, 193 P. 406, 17 A. L. R. 1098; State v. Curry, 27 N. M. 205, 199 P. 367.

The remaining assignments challenge the action of the court in finding against the defendants on the allegations of their cross-complaint. As to most of the argument, it is sufficient to say that a careful reading of the

transcript convinces us that the findings are supported by substantial evidence, and that the judgment properly followed. But one contention seems to require notice. It is vigorously urged that certain charges, admitted to have been made to the defendants—for instance, for examinations of title and inspections of security to enable plaintiff to rediscount some of the defendants' paper—were clearly illegal and constituted usury, although, as the court found, the defendants knew of such charges and consented to them. The trial court found that the parties had no intention to pay or exact usurious interest, and did not do so. In finding that they had not so intended, he undoubtedly meant that they considered the charges in question as legal and proper under the circumstances. There was evi- dence to support such a view. It seems to be settled law in this jurisdiction that excessive or improper charges made under such circumstances do not support a claim of usury. Armijo v. Henry, 14 N. M. 181, 89 P. 305, 25 L. R. A. (N. S.) 275; American Investment Co. v. Lyons, 29 N. M. 1, 218 P. 183, followed in American Investment Co. v. Roberts, 29 N. M. 99, 218 P. 1037.

Thus having found no error, the judgment must be affirmed and the cause remanded, and it is so ordered.

PARKER, C. J., and BICKLEY, J., concur.

### ON MOTION FOR REHEARING.

WATSON, J.    ██    Appellants contend that we erred in sustaining the action of the trial court in refusing to strike the testimony of H. J. Hammond and Charles C. Hammond as to the amounts due on the notes. They urge that we misapplied the general rule; overlooking the exception that, if the question, when propounded, appears unobjectionable, the answer is to be subsequently stricken when shown to be incompetent.

It seems to us that appellants misapply the exception. The ultimate question in the case was the amount due. It depended upon numerous primary facts. The questions called for conclusions by the witnesses and were objectionable on that ground at least. The objections made after cross-examination were that the answers were hearsay,

and were not the best evidence. It cannot be said, of course, that it certainly appeared, when the questions were asked, that the answers would be hearsay. Yet, in all probability, having in view banking practices and the long course and the involved nature of the transaction as set out by appellants themselves in their answer, the testimony sought to be introduced could not be based upon personal knowledge and recollection. The objection that the answers were not the best evidence seems to contribute nothing to the strength of appellants' position. It is not a case of parol evidence varying a written contract. The fact that there were records of the transactions would not exclude parol evidence of them if within the knowledge and recollection of the witnesses. So that the claim that the answers were not the best evidence could only have meant that they were conclusions.

The matter stands thus: The questions, when asked, called for incompetent testimony; clearly for conclusions of the witnesses, probably for hearsay. Yet the answers were allowed to be given without objection. Under such circumstances we think a trial judge should have a' wide discretion in ruling on a motion to strike the evidence made at a later stage. Orderly and expeditious procedure demands it. Appellants failing to object, the court had the right to assume that they were willing to shorten the proceedings by admitting the answer; that they were waiving what, in the particular case, was a comparatively unimportant right. The answers, of course, would not be conclusive, and would not preclude further inquiry from the records of the bank, or from other sources, as to what amounts were actually due. We consider that in such a case as this it would be an abuse to reverse the judgment upon the ground now urged, and that a correct application of the pertinent rules of evidence does not require it.

■ One of appellants' claims of usury was in connection with one of their notes given to the Union Trust & Savings Bank, and rediscounted with the New Mexico branch or subsidiary of the War Finance Corporation. The interest exacted by that corporation was 5½ per cent.

The federal statute (Act of August 24, 1921, § 3, amending Act of April 5, 1918, § 28 [15 USCA § 352]) made it unlawful for the bank to receive from the borrower more than 2 per cent. additional to the rate charged by the War Finance Corporation. In fact, it is claimed, a full 10 per cent. was charged and paid.

Upon this contention the trial court found:

"IX. That the defendants were at no time charged by the Union Trust & Savings Bank with any excessive, illegal, or unlawful rate of interest in connection with any loan, note, or mortgage of the defendants and negotiated with the Union Trust & Savings Bank, with the agricultural loan agency of the War Finance Corporation."

The present contention is, in effect, that this finding is not based upon the conflicting evidence, but upon an erroneous view of the law of usury. Mr. Law, one of the appellants, under direct examination, was giving evidence of facts bearing upon this contention. Counsel for appellee challenged the materiality of it, contending that the exaction of 10 per cent., if true, would not constitute usury under the laws of New Mexico. The court expressed agreement with this view. It is claimed that this was an admission, both by counsel and by court, not only of an usurious charge, but of an usurious intent. We cannot sustain the contention. Notwithstanding the court's expressed view, counsel for appellants was permitted to proceed with the evidence. Counsel for appellee cross-examined on it and offered rebuttal. It can hardly be said to have been a ruling. Nor can it be said, with any degree of certainty, to have affected the result. Mr. Law's testimony as to the transaction in question is uncertain. We have not been able to determine just what he claims was done. It is plain that at the time of a subsequent renewal he admitted to the branch of the War Finance Corporation, in writing, that he had had a satisfactory adjustment with the bank on a 7½ per cent. basis upon all loans of his which the bank had discounted with the War Finance Corporation.

It is possible to entertain a conjecture that the finding above quoted was based upon the view that, as matter of law, the facts claimed did not constitute usury. It is

equally possible to take the other position; that it is a mere finding of fact upon conflicting evidence. The record being doubtful, and the presumption being in favor of the judgment, appellants have failed to sustain their contention. Sandoval v. Unknown Heirs of Vigil, 25 N. M. 536, 185 P. 282; Guaranty Banking Corporation v. Western Ice & Bottling Co., 28 N. M. 19, 205 P. 728.

The motion for rehearing must be overruled.

It is so ordered.

PARKER, C. J., and BICKLEY, J., concur.