344 P.2d 481

STATE of New Mexico, Plaintiff-Appellee,

v.

Darrell D. DEMING, Defendant-Appellant.

No. 6568.

Supreme Court of New Mexico.

Sept. 21, 1959.

Lowe. The charges arose out of a collision between a car being driven by defendant and a motor scooter being ridden by the two boys at about midnight of June 29, 1958, on Highway 180, just east of Hobbs, New Mexico. A bill of particulars filed by the district attorney specified that at the time of the incident the defendant was driving while under the influence of intoxicating liquor in violation of § 64–22–2, N.M.S.A. 1953, as amended by Sec. 8, Chap. 184, N.M.S.L.1955, and that he was driving recklessly in violation of § 64–22–3, N.M.S.A. 1953. At the close of the State's case that portion of the charge based upon reckless driving contrary to § 64–22–3, N.M.S.A. 1953, was dropped, and the case proceeded only on the first specified violation—death resulting from driving while under the influence of intoxicating liquor.

Four points are relied on for reversal.

Neal & Neal, Hobbs, for appellant.

Hilton A. Dickson, Jr., Atty. Gen., Hilario Rubio, Asst. Atty. Gen., Carl P. Dunifon, Asst. Atty. Gen., for appellee.

MOISE, Justice.

This is an appeal from a conviction on a charge of involuntary manslaughter. The defendant was charged in two counts of an information with the unlawful killing of Henry Ray Anderson and Jerry Eugene Under Point I appellant argues that by the adoption of Ch. 139, N.M.S.L.1953, being the Uniform Act Regulating Traffic on Highways, the crime of negligent homicide was created (Sec. 53, being § 64–22–1, N.M.S.A.1953) and also the offense of driving while under the influence of intoxicating liquor was made a felony (Sec. 54, being § 64–22–2, N.M.S.A.1953; State v. Klantchnek, 59 N.M. 284, 283 P.2d 619) thereby effectively repealing our involuntary manslaughter provision (§ 40–24–7, N.M.S.A. 1953) in so far as it was applicable to deaths

resulting from driving while under the influence of intoxicating liquor. Thereafter, upon repeal of the negligent homicide statute (1957 N.M.S.L. Ch. 239), and amendment of the driving while intoxicated statute (1955 N.M.S.L. Ch. 184, § 8) to again make the offense a misdemeanor, he reasons that the old involuntary manslaughter provision was not thereby again made applicable or re-enacted.

Principal reliance is placed on the case of State v. Davidson, 78 Idaho 553, 309 P.2d 211, which held that adoption of the negligent homicide statute repealed the manslaughter statute, at least in so far as cases involving driving while under the influence of intoxicating liquor was concerned. It is important to note, however, that in 1949 the Idaho involuntary manslaughter statute had been amended to include within its terms "the unlawful killing of a human being, without malice * * * *in the operation of a motor vehicle in a reckless, careless or negligent manner which produces death* * * *." I.C. § 18-4006. (Amendatory matter emphasized.) The court held in the cited case that the negligent homicide provision subsequently passed must have been intended to cover the entire field of deaths resulting from operation of motor vehicles, and although repeals by implication are not favored, necessarily the portion of the manslaughter statute added by amendment in 1949 was repealed.

The difference between the situation in Idaho and that present here is obvious if it is noted that our involuntary manslaughter statute differs materially from that in Idaho and covered death resulting from driving while under the influence of intoxicating liquor because driving while so influenced was a misdemeanor prior to 1953, and therefore when a death resulted, it was "in the commission of an unlawful act not amounting to felony." In 1953 when it was made a felony it was taken out of the operation of this statute, but the statute was not in any sense repealed. It remained in full force and still applicable to all cases of death resulting from unlawful acts not amounting to felonies.

It is not necessary for us to decide if between 1953 and 1955, prosecutions could have been had under our murder statute because committed "in the perpetration of or attempt to perpetrate any felony" (§ 40-24-4) or only under the negligent homicide statute (§ 64-22-1) because this case did not arise during that period. Neither need we decide what the situation was between 1955 and 1957.

It is only necessary for us to determine whether or not, after repeal of the negligent homicide statute and the making of driving while intoxicated a misdemeanor, a prosecution under the involuntary manslaughter statute was permitted.

We believe it is clear that it was, and that this prosecution was properly brought

thereunder. As stated before, the involuntary manslaughter statute was in no sense repealed by adoption of the negligent homicide statute, but has been in full force and effect at all times—cases of death resulting from driving while under the influence of intoxicating liquor being taken out from under its operation by adoption of § 64–22–2, N.M.S.A.1953. Upon repeal of the negligent homicide statute (1957 N.M.S.L. Ch. 239) and reinstating the offense as a misdemeanor (1955 N.M.S.L. Ch. 184, § 8) it would follow that the applicability of the involuntary manslaughter statute would automatically ensue. That such would be the intention of the legislature can hardly be doubted. To hold otherwise, that there was no offense provided for under such circumstances when the whole country is aroused over the growing number of highway fatalities would be to arrive at a most incongruous result, to say the least.

The rule is stated in Ventura County v. Barry, 202 Cal. 550, 262 P. 1081, a decision of the California Supreme Court, and was applied by the California District Court of Appeals, First District, in the case of People v. Ely, 71 Cal.App.2d 729, 163 P.2d 453, a case very much like the instant case, arising after California repealed the negligent homicide statute. The Supreme Court of California also applied the rule in a comparable case in People v. Mitchell, 27 Cal.2d 678, 166 P.2d 10. The same rule was applied in the Missouri case of State v. Chadeayne,

Mo.App.1958, 313 S.W.2d 757. See 50 Am. Jur. 575, and Ann.Cas.1918B, 281. In what is here said we do not overlook § 1–2–3, N.M.S.A.1953, but would point that this statute has no application here where the earlier statute was not repealed.

Mention should probably be made of the fact that in many states, upon varying types of manslaughter statutes, subsequent passage of the negligent homicide statute was determined not to operate as repeal of the manslaughter statute. State v. Cantrell, 64 Wyo. 132, 186 P.2d 539; see, also, 25 Cal. L.R. 1.

■ As his second point appellant asserts that it was an abuse of discretion by the court to permit a medical technician who had only made four tests to determine alcoholic content of blood to testify concerning her findings. Although it is true that the witness had only made four tests for alcoholic content of blood the evidence discloses that she was the laboratory technician at the Lea County Hospital, and that she had gone to college two years taking such courses as chemistry, biology and bacteriology and then had taken a one year's internship in a hospital as a technician. She had graduated January 1, 1952, and had started practicing her profession at that time. She had been two or three years in one position as a laboratory technician in one hospital and then a little more than three years in another hos-

pital before coming to Lea County Hospital. Since May, 1952, she has been certified by the American Association of Clinical Pathologists which certification is granted to those persons who have taken certain courses in college, have served a year's internship in a hospital, and have passed an examination given by the Board of the Association.

In Bunton v. Hull, 51 N.M. 5, 177 P.2d 168, 173, this Court stated:

"Whether an expert witness is qualified to give an opinion is a matter which is peculiarly within the discretion of the trial court, and unless that discretion has been abused this court will not disturb the ruling in refusing such testimony."

The qualifications reviewed above clearly demonstrate that the court did not abuse its discretion, and the ruling will not be disturbed by this Court.

■ Appellant, as his third point, argues that it was error for the court to allow a witness who saw the accident from the door of her house, more than 300 feet distant from the highway, express an opinion as to the speed at which appellant's car and the motor scooter were travelling just before the collision.

The testimony discloses that the night was clear with the moon shining and that there was no obstruction between witness and the intersection where the accident happened.

The witness had owned and used a motor scooter for about a year and a half some ten years before and had nine years' experience in driving a car. She expressed the opinion that the motor scooter was travelling at a speed of 20 or 25 miles per hour and the appellant's car at a speed of 75 miles per hour.

In the case of Bunton v. Hull, supra, we held that the expressing of an opinion as to speed is not the giving of expert testimony, but is permitted as a means of getting the picture before the jury, and is based upon a rule of expediency, where it is difficult or impossible to otherwise describe the occurrence in words. Possibly, because of the facts related above, the testimony of the witness was not entitled to as much weight as if it were based upon closer observation in broad daylight; nevertheless, we are of the opinion that under the rule of Bunton v. Hull it was admissible.

■ Appellant further argues that this testimony was not admissible except in connection with the specification of violation of the reckless driving statute which was withdrawn from the jury. Although we doubt that this is true, and believe evidence of speed was probably admissible to prove the facts under the other specification, it is not necessary for us to pass on this argument, since no motion was made by appellant to have the evidence taken from consideration of the jury after the charge based

upon reckless driving was withdrawn, and the contention here made was never presented to the trial court. It is not our function to consider on appeal arguments not advanced below. Sunmount Co. v. Nagel, 30 N.M. 450, 236 P. 505; Holloway v. Evans, 55 N.M. 601, 238 P.2d 457; Rule 20, Supreme Court Rules.

■ For his fourth point appellant claims error in the trial court for its failure to instruct the jury that intoxication "must be such that it affects to an appreciable degree the ability of the driver to operate the vehicle in the manner of an ordinary prudent person in full possession of his faculties * * *."

An instruction incorporating this rule was submitted to the court and refused. Instead, the court instructed that if by virtue of his having consumed intoxicating liquor his ability "either mentally or physically or both to handle his automobile on the public highway with safety to himself and the public" was lessened, the defendant would be driving while under the influence of intoxicating liquor.

It is sufficient answer to appellant to point out that as long ago as 1938 in the case of State v. Sisneros, 42 N.M. 500, 82 P.2d 274, 278, the position here asserted by appellant was rejected by this Court, and the rule adopted that our statute makes a person guilty of driving while under the influence of intoxicating liquor if by virtue of having drunk intoxicating liquor he is "to the slightest degree * * * 'less able, either mentally or physically or both, to exercise the clear judgment and steady hand necessary to handle as powerful and dangerous a mechanism as a modern automobile with safety to himself and the public.'"

We do not perceive that the fact that the statute in force at the time of the decision in State v. Sisneros, supra, was subsequently repealed and a new statute passed, makes any difference. The applicable statutes are alike in that they make it a punishable offense to drive a vehicle on the highways of this state while "under the influence of intoxicating liquor."

The lower court having instructed the jury in accord with the rule of law heretofore approved by this Court, the fourth assignment of error is without merit.

Having disposed of appellant's arguments, and having found no error in the trial below, the judgment is affirmed, and

It is so ordered.

LUJAN, C. J., and McGHEE and CARMODY, JJ., concur.

COMPTON, J., not participating.