365 P.2d 442

MIDDLE RIO GRANDE CONSERVANCY DISTRICT, a muncipal corporation, Petitioner-Appellant,

v.

Mrs. W. D. CRABTREE, otherwise known as Elsie Crabtree; Bernabe L. Hidalgo and Maria J. Hidalgo, his wife; Cresencio V. Molina, Jr.; William Emelio and Mona Emelio, his wife; Frank Williams and Eleanor Williams, his wife; Guy M. Hunter and Florence L. Hunter, his wife; the Unknown Owners of Any of the Lands, Hereinafter Described, Who Make Some Claim, or Who Have a Lien Against the Real Estate Herein Sought to be Condemned, Defendants-Appellees.

No. 6864.

Supreme Court of New Mexico.

Sept. 14, 1961.

Rehearing Denied Nov. 1, 1961.

198

Threet & Threet, Albuquerque, for appellant.

Harold O. Waggoner, Charles Barnhart, Albuquerque, for appellees.

MOISE, Justice.

This is an appeal from a judgment fixing the defendant-appellee's damages at $9,067 for the taking of 90.67 acres in a condemnation proceeding instituted by petitioner-appellant. The issue of the amount of damages was tried to the court without a jury.

Appellant complains first that the judgment is not supported by substantial evidence and second that the court erred in refusing to adopt its requested findings 8 and 9 and Conclusion 2, which read as follows:

"8. That the reasonable market value of the lands in suit on the ·date of the immediate entry was the sum of $12.50 per acre.

"9. That the defendants failed to offer any evidence in compliance with the 'before and after rule' showing the value of the lands before the taking and the value of the lands after the taking, and the only evidence presented to the Court was the reasonable market

value of the lands actually taken as of October 9, 1957."

Conclusion of Law No. 2: "That the defendants are entitled to compensation, as an award for the appropriation and condemnation of their lands by the petitioner, as of October 9, 1957, the reasonable market value, as shown by the evidence as of that date, in the sum of $1,133.37 together with interest thereon from the date of the order of immediate entry, viz: October 9, 1957, until paid at the rate of 6% per annum."

Concerning the first point we quote from appellant's brief where the testimony of the witnesses produced by appellees on the question of the market value of the land taken is recapitulated, as follows:

"The witness, Dean Fite, set the reasonable market value of the lands in suit at $150.00 an acre, and gave his reasons therefor that the land would support 200 head of cattle to the acre, and that the rental value was from two to three dollars per head per month.

"The witness, Neil Bruton, set the reasonable market value of the lands in suit at $160.00 an acre, and based this figure upon the fact that it would take 3 acres of the land to support one head of cattle on a rental basis per head at $2.50 per month.

"The witness, Ersel C. Edwards, stated that he had in mind the land in suit was worth $150.00 per acre based upon the fact that it would support 7 million and 50 thousand bees.

"The witness, Felix Martinez, placed the market value of the land in suit at $150.00 an acre if it had water rights and 25 or 30 dollars less if it was dry land.

"The witness, Guadalupe Villalobos, placed the value of the land in suit at about $150.00 an acre and gave his reasons therefor that he had heard that lands in Dona Ana County were bringing from $400.00, $800.00 and $1200.00 an acre.

"The witness, Pablo M. Padilla, stated that the value of the land in suit was probably worth about $150.00 per acre but gave no reasons for such testimony.

"The appellee, Guy M. Hunter, did not undertake to fix the value of the lands in suit but stated that he had been offered from $125.00 to $175.00."

This recapitulation is followed in appellant's brief with a review of the testimony of three witnesses produced by appellant on the question of value. These witnesses were Mark W. Radcliffe, a surveyor and appraiser employed by the federal government, who expressed an opinion that the acreage taken was of a reasonable market

value of $12.50 per acre; Robert Baldwin, a resident of Socorro, New Mexico, engaged in the real estate and insurance business with some experience in appraising in State Highway Department condemnation proceedings who estimated $1 per acre as the reasonable market value of the property taken; and one Frank Knoblock, a farmer and member of the Board of Directors of appellant, who was familiar with the land in question, who placed a figure of $15 to $20 per acre as an estimate of the reasonable market value, and further placed a figure of $0.10 per head per month as the price for grazing cattle, while at the same time stating that he was paying $0.45 per head per month to the Fish and Wild Life Service for grazing privileges. He further estimated that 4 or 5 head of cattle could be run per acre on the condemned land.

Appellant then quotes the following language of this court in Southern Union Gas Co. v. Cantrell, 56 N.M. 184, 241 P.2d 1209, 1211:

"In approaching a discussion under this point, we will, of course, view the evidence in an aspect most favorable to the judgment. Brown v. Cobb, 53 N.M. 169, 204 P.2d 264. If the finding is based on substantial evidence under the established rule of the court, it will not be disturbed by us. But a finding may not rest on mere speculation or conjecture. Petrakis v. Krasnow, 54 N.M. 39, 213 P.2d 220. And a finding of fact, not supported by substantial evidence, will not be sustained on appeal, and a judgment based on such finding is itself without support. Manby v. Voorhees, 27 N.M. 511, 203 P. 543; Jones v. Jernigan, 29 N.M. 399, 223 P. 100; Salas v. Olmos, 47 N.M. 409, 143 P.2d 871; Bland v. Greenfield Gin Co., 48 N.M. 166, 146 P.2d 878; De Baca v. Kahn, 49 N.M. 225, 161 P. 2d 630."

following which it states that "under the record in the case at bar, there is no substantial evidence to support" the finding by the court that appellees' damages amounted to $9,067 or $100 per acre for the land taken, and its conclusion that appellees should recover judgment in this amount.

As we see the situation, the quotation from Southern Union Gas Co. v. Cantrell, supra, when applied to the proof as outlined by appellant supplies the answer to the contention made. When we view the proof in an aspect most favorable to the judgment, we cannot say there is an absence of substantial evidence to support the court's findings and conclusions, so as to justify our disturbing them.

We feel free to express some skepticism concerning the Fite testimony to the effect that the land would support 200 head of cattle to the acre, and if this testimony stood alone would possibly be inclined to hold the same to be inherently so improbable as to

be not worthy of belief and accordingly not to be of a substantial character. We also entertain some doubts concerning the substantial character of the evidence as to the value of the property as a grazing ground for bees, and so might be inclined to discard the Edwards testimony. In addition, although the evidence was not objected to, and it is not here argued, we might consider the evidence of Guy M. Hunter to lack substantiality because of inherent defects therein, and since under the general rule proof of specific offers of purchase are not admissible to establish reasonable value in condemnation proceedings. United States v. Regents of New Mexico School of Mines, 10 Cir., 185 F.2d 389. There would still remain the testimony of four other witnesses which cannot be as lightly brushed aside, and whose testimony would support damages even greater than those found and allowed. See note in 159 A.L.R. 7.

It matters not that appellant produced witnesses who differed with those testifying on behalf of appellee; neither is it material that appellant's witnesses may have been better qualified to estimate value, and this is not admitted by appellees. Also, appellant made no objection to the qualifications of appellees' witnesses to testify. Under the proof as hereinabove recounted it is clear that substantial evidence is present to support the findings made by the court, and accordingly the same will not be disturbed on appeal. State ex rel. State High-way Commission v. Tanny, 68 N.M. 117, 359 P.2d 350; Kutz Canon Oil & Gas Co. v. Harr, 56 N.M. 358, 244 P.2d 522.

Appellant's second point is likewise without merit. This court has held that the proper method for arriving at the amount to be allowed in condemnation proceedings requires the offsetting of benefits to remaining lands against damages thereto and loss by virtue of property taken. City of Tucumcari v. Magnolia Petroleum Co., 57 N.M. 392, 259 P.2d 351; Board of Com'rs of Dona Ana County v. Gardner, 57 N.M. 478, 260 P.2d 682. However, we do not understand appellant's argument under point II as asserting that the court erred in not applying such a rule. Indeed, under the record he could not be heard to so complain for a number of reasons.

At one point in the proceedings when objecting to a question propounded to a witness, counsel for appellant stated "we object to that. It is not a proper question to prove damages. The question that is material is what (is) the reasonable market value * * *." Also, by its requested finding No. 8 and requested conclusion No. 2, the refusal of which by the court is relied on as error, are both based on a theory that reasonable market value of the lands taken is the correct measure of damages.

We would also call attention to finding No. 7 made by the court which reads as follows:

"7. That the only damages sustained by the defendants, as a result of the appropriation and condemnation of the lands in suit, were the reasonable market value of the lands sought to be appropriated and condemned on the date of the immediate entry, viz: October 9, 1957, there being no question as to benefits to the remaining lands, or damages to the remaining lands of the defendants not actually taken but which might have been injuriously affected."

This finding was requested by appellant and adopted by the court and clearly shows the rule of damages contended for by appellant, and in addition establishes that no benefits accrued to the remaining lands of appellees.

■ It thus appears that appellant was proceeding at all times on the assumption that reasonable market value was the proper basis for making the award in the case, and it would not now be permitted to alter its position. Hendricks v. Hendricks, 55 N.M. 51, 226 P.2d 464; Horton v. Atchison, T. & S. F. Ry. Co., 34 N.M. 594, 288 P. 1065.

■ In addition, the parties and the courts were correct in their approach. As is clear from the holding in Board of County Com'rs of Santa Fe County v. Slaughter, 49 N.M. 141, 158 P.2d 859, where there were no offsetting benefits, and where certain claimed elements of damages were disallowed, the correct measure of damages was the reasonable market value of the land taken. It should be apparent that the figure so determined would be identical with that which would be arrived at in the instant case by subtracting the value after the taking from the value before.

Concerning the court's refusal to adopt appellant's requested finding of fact No. 9, we can only say that it is not in its form an ultimate fact and was not material to a decision in the case, and although factually correct it was not error for the court to refuse it. Alexander v. Cowart, 58 N.M. 395, 271 P.2d 1005.

It is appellant's position that since appellees offered no evidence on the "before and after rule" the only competent evidence upon which the court could base its findings of value was the testimony of appellant's principal expert witness, Mark Radcliffe, who placed the reasonable market value at $12.50 per acre. The error in this contention of appellant has already been demonstrated by what has been said above in our discussion of Point I.

Finding no error, the judgment appealed from is affirmed.

It is so ordered.

CARMODY and CHAVEZ, JJ., concur.

COMPTON, C. J., and NOBLE, J., not participating.