467 P.2d 11

STATE of New Mexico ex rel. STATE HIGHWAY COMMISSION of New Mexico, Plaintiff-Appellant,

v.

Carl A. BASSETT, Josephine C. Bassett and Farmers Home Administration, Defendants-Appellees.

No. 8761.

Supreme Court of New Mexico.

March 30, 1970.

Boston E. Witt, Atty. Gen., Joseph L. Droege, Richard T. Whitley, Sp. Asst. Attys. Gen., Santa Fe, for appellant.

David A. Grammer, Jr., Douglas T. Francis, Albuquerque, for appellees.

PER CURIAM.

Upon consideration of Motion for Rehearing the opinion heretofore filed is withdrawn and the following substituted therefor:

OPINION

MOISE, Chief Justice.

The State Highway Commission appeals from a judgment of $5,317.20 entered in

favor of Carl M. Bassett and Josephine C. Bassett, after a non-jury trial of a condemnation action brought by appellant.

Appellees were the owners of a tract containing 73 acres located some distance north of Highway 66 and not abutting thereon. Appellant brought action to condemn a total of 7.596 acres of the southerly portion of appellees' property for the construction of Interstate Highway 40, being a four-lane, divided highway with a service road on the north side and an overpass across the highway at the southwest corner of appellees' property.

At the trial, appellant presented several witnesses who testified concerning the before and after value of appellees' land, basing their opinion of after value on prices received by appellees after the condemnation for acreage adjacent to the overpass, and sales of claimed comparable properties. The testimony was admitted over objection, but the trial judge, in finding 12, stated, "that there was no admissible evidence submitted by the State to show enhancement of the entire remainder so that the before and after value can be computed by deducting the value of the land taken from the total value before taking."

■ Appellant's attack is on this so-called finding. Appellees call attention to other findings, not attacked, which support the conclusion reached and would have us hold as we did in State ex rel. State Highway Comm. v. Pelletier, 76 N.M. 555, 417 P.2d 46 (1966), and in Board of Trustees of Town of Farmington v. Spencer, 75 N.M. 636, 409 P.2d 269 (1965), that no proper attack being made on the findings of before and after value, those findings must be taken as correctly stating the facts, and the appellant could not prevail.

We do not agree with this appraisal of the case. Although the attack is directed at what is denominated as finding No. 12, this so-called finding is not properly a finding of fact. Rather, it is a statement by the court that certain testimony received in evidence was not admissible and, ac-

cordingly, was not considered in arriving at the facts otherwise found. It follows that the issue presented is one of law concerning the admissibility and weight to be accorded the particular evidence presented. If relevant and admissible, it would be reversible error for the court to refuse to accord it any weight which, in effect, would amount to its exclusion. See Litzkuhn v. Clark, 85 Ariz. 355, 339 P.2d 389 (1959); Carroll v. Beavers, 126 Cal.App.2d 828, 273 P.2d 56, 59 A.L.R.2d 263 (1954); compare Davey v. Davey, 77 N.M. 303, 422 P.2d 38 (1967).

The particular evidence which was presented, and denied consideration although admitted, concerned actual sales by appellees of two tracts adjacent to the newly constructed highway, and one sale by a third party. Of course, these sales were subsequent to the taking and reflected increased value arising from the construction.

The question here presented is a narrow one. We are called upon to determine if the evidence of sales subsequent to the taking was admissible for the purpose of determining the compensation to which appellees were entitled as of the date of taking. As already noted, the court admitted opinion evidence of the value of the land taken, based on prices received by appellees for acreage adjacent to the property taken, as well as in sales of comparable properties. However, by finding 12, quoted above, the court made it clear that it did not consider that this proof was admissible as a basis for determining benefits to the property remaining after the taking. Accordingly, we must determine whether the court was correct in its expressed view.

The rules governing the question presented are set forth in an annotation appearing in 85 A.L.R.2d 110, and summarized on page 113 as follows:

"The cases involving the question of the admissibility of evidence of the sale price of other real property to prove the value of the real property in controversy

reflect two principal views: (1) that the evidence is inadmissible, the minority view; and (2) that the evidence is admissible if the conditions surrounding the two pieces of real property are similar and if the sale of the other real property was neither too remote in point of time nor of such a character as to indicate that it did not represent the true value of the property, the majority view. * * * While there is language in some cases which seems to indicate the existence of a third view that such evidence is admissible in the absolute discretion of the trial judge, it is doubtful whether the courts in these cases intended anything more than a reaffirmance of the widely recognized principle that the determination whether conditions are sufficiently similar between the two tracts of land to justify the admission of evidence of the sale price of one on the issue of the value of the other rests in the sound discretion of the trial court."

Transwestern Pipe Line Company v. Yandell, 69 N.M. 448, 367 P.2d 938 (1961), is cited in support of a rule thus stated:

"* * * [T]he rule is well established that the decision of the question whether or not conditions surrounding another tract of land or the sale thereof are sufficiently similar to the circumstances of the pending case and the land involved therein so that evidence as to the sale price may be admitted to prove the value of the land in controversy rests largely within the discretion of the trial court." (85 A.L.R.2d at 126).

We quote from Yandell, supra:

"* * * We are aware of conflict of authority as to the admissibility of evidence of prices paid by a condemnor for similar property in the vicinity, as evidence of value, but it is generally accepted that what constitutes 'similar or like property' is a determination which must vary with the individual circumstances of a case, Covina Union High School District of Los Angeles County

v. Jobe et al., 174 Cal.App.2d 340, 345 P.2d 78. A trial judge is granted a wide discretion in determining the admissibility of evidence of other sales, taking into consideration, among other things, whether the price paid was sufficiently voluntary to be a reasonable index of value. People v. Murata, 161 Cal.App. 2d 369, 326 P.2d 947. In the recent case of Colorado Interstate Gas Co. v. Uinta Development Co. (Wyo.) 364 P.2d 655, which involved condemnation proceedings for a pipeline easement, the court adhered to the majority rule that prices brought about under the actual threat of lawsuits furnished no fair basis of market value, whether or not it is similar to that in controversy. See also 4 Nichols, Eminent Domain, 3d ed. p. 71; 118 A.L.R. 869, supplemented in annotation at 174 A.L.R. 386, and cases cited therein.

"It further appears from the record that the evidence excluded by the pretrial order and tendered at the trial purported to show that the prices paid by petitioner to other adjacent landowners was much less in amount even than petitioner's own witnesses on value testified to at the trial. If the trial court, in its discretion, determined that the prices paid to other landowners were not reasonable estimates of the value of the land in this case, or that the owners settled for less than the land might have brought on the open market in order to avoid litigation, this court will not rule that the trial court abused its discretion in excluding the evidence." (69 N.M. at 458, 459, 367 P.2d 938, 945).

We doubt that the rule can be better stated than in the above quotation. Even conceding the admissibility of the evidence not considered by the court as argued at length by appellant, appellant cites no reason, nor do we perceive of one, whereby we could declare that in so holding, the court abused its discretion.

We recognize that the cases cited above deal with sales of property other than the

subject of the litigation, whereas two of the sales sought to be introduced here were of the subject. We do not, however, perceive that the rule should be any different as to sales of the subject, since the same factors of comparability can also affect subject properties.

Appellant would have us hold that since the evidence was received, and since if in the court's discretion the testimony was permitted, necessarily the court erred in its determination that there was no admissible evidence to establish the facts as claimed by appellant. However, we do not so view the situation. Rather, it appears to us that the court, in its discretion, determined that the proof should not have been admitted, and accordingly should not be considered. In this posture, we are not moved to hold that in this conclusion it was in error.

It follows that the cause should be affirmed. It is so ordered.

COMPTON and TACKETT, JJ., concur.