**Daryl SCOTT, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 86–219.**

District of Columbia Court of Appeals.

Argued Jan. 14, 1988.
Decided March 21, 1988.

Philip Clarke Baten, Washington, D.C., appointed by the court, for appellant.

Mary L. Wilson, Asst. Corp. Counsel, with whom Frederick D. Cooke, Jr., Acting Corp. Counsel at the time the brief was filed, and Charles L. Reischel, Deputy Corp. Counsel, and Lutz Alexander Prager, Asst. Deputy Corp. Counsel, Washington, D.C., were on the brief, for appellee.

Before PRYOR, Chief Judge, and MACK and BELSON, Associate Judges.

PER CURIAM:

Appellant went to trial on the charge of driving while under the influence of alcohol, D.C.Code § 40–716(b)(1) (1986). The trial court, without jury, convicted him not of that particular offense but instead of driving while his ability to do so was impaired by the consumption of alcohol, D.C. Code § 40–716(b)(2) (1986). In this appeal, appellant challenges the trial court's conclusion that driving while impaired is a lesser-included offense of driving while under the influence, and argues that a person may not be convicted of the former when charged only with the latter. We agree.

I.

In the early morning on September 5, 1985, Officer David Whidden pulled appellant's automobile over to the curb after observing appellant drive through three red traffic lights. Detecting alcohol on appellant's breath, and noticing that his eyes were bloodshot and watery, the officer ordered appellant from his car to perform a straight-line, heel-toe test. Appellant refused to listen to Officer Whidden's directions and the officer, concluding that appellant was under the influence of alcohol, arrested him. In a breath test taken at the precinct station at 1:37 a.m., appellant registered a .09 blood alcohol content. In a second test taken at 2:07 a.m., appellant's blood alcohol content was .07.

Appellant and his cousin testified that they drove through the first traffic light after deciding it was broken, and through the next two on the assumption that they

too were out of order. Each testified to having consumed one and a half to two beers, and each stated that Officer Whidden was rude and would not allow them to explain their conduct.

Appellant was charged with driving while under the influence of alcohol, a violation of D.C.Code § 40–716(b)(1) (1986). At the conclusion of a bench trial, the court stated that "the statute says that .09 is prima facie evidence that you were driving under the influence. And that's not contested that you were at .09." Nonetheless, the court found appellant "guilty of the lesser-included offense of operating while impaired," a characterization of the offense to which neither appellant nor the government objected. The trial court sentenced appellant to a $150 fine and 30 days confinement suspended with one year probation, on condition that he complete the traffic alcohol program.

## II.

This case requires the court to determine whether an individual charged specifically with the offense of operating a motor vehicle while "under the influence" of intoxicating liquor, § 40–716(b)(1), may be convicted of the offense of operating a motor vehicle while one's ability to do so is "impaired by the consumption of intoxicating liquor," § 40–716(b)(2).

Section 40–716(b) includes two subsections containing three different alcohol-related offenses for which a person may be charged. Under § 40–716(b)(1), a person may be charged with the so-called "per se" violation of driving while intoxicated when the person's blood contains .10 percent or more, by weight, of alcohol. *See Washington v. District of Columbia,* 538 A.2d 1151 (D.C.1988) (discussing the so-called "per se" offense). Also under §. 40–716(b)(1), a person may be charged with driving while under the influence of intoxicating liquor, as was appellant. Under § 40–716(b)(2), one may be charged with driving while one's ability to operate a vehicle is impaired by the consumption of intoxicating liquor.

■■■ Appellant argues that the trial court erred in concluding that driving while impaired is a lesser-included offense of driving while under the influence. On appeal, the District of Columbia concedes that driving while impaired is not a lesser-included offense of driving while under the influence, and we agree. Nevertheless, the District argues that a person may still be convicted of the former when charged only with the latter because the two sections "cover precisely the same ground" and accordingly "[t]here is no inherent distinction between the two terms driving 'while impaired' and operating 'under the influence,'" except for the greater penalty that can be imposed for operating "under the influence." Brief of the District of Columbia at 6. We need not reach the question of whether or not this is so, however, because in our view, despite whatever may be said about the relationship between the offenses contained in § 40–716(b)(1) and (2), it is clear from the face of the statute that driving while under the influence and driving while impaired are, at least in a statutory sense, separate and distinct.[1] ·This

---

1. The legislative history of § 40–716(b) amply supports our treatment of the offense of driving while impaired as statutorily different from the offense of driving while under the influence. Section 40–716(b)(1) and (2) were contained in Bill 4–389, the "Anti–Drunk Driving Act of 1982." The Act established *"a new alcohol related traffic offense* entitled: 'operating a vehicle while the ability to operate a vehicle is impaired by the consumption of alcohol.'" Committee Report, Bill 4–389, the "Anti–Drunk Driving Act of 1982," 1 (May 5, 1982) (emphasis supplied) [hereinafter Committee Report]. One purpose in creating this new offense, contained in subsection (b)(2), is· to "allow the Corporation Counsel added flexibility. Instead of plea bargaining the offense down to reckless driving, the Corporation Counsel will be able to use driving while impaired as the lesser alcohol traffic offense." Committee Report at 7. Stated another way,

> the *new* driving while impaired *statute* has been *added* to enable the Corporation Counsel to use this offense, instead of reckless driving, as the lesser alcohol related traffic offense. In the future, then, judges, prosecutors and the public will easily know if an individual has been convicted of a traffic alcohol offense.

Committee Report at 10 (emphasis supplied). In addition, subsection (b)(2), "along with the .05 percent or more prima facie evidence provision of [§ 40–717.1(2),] will increase the

conclusion, we believe, is sufficient to allow us to decide the case before us.

■■■ Because subsection (b)(1) and subsection (b)(2) describe different offenses for which a person may be charged, the very narrow question before this court is whether a person such as appellant, charged only with and brought to trial only for the (b)(1) offense of driving while under the influence, may nevertheless be convicted of the lesser (b)(2) offense of driving while impaired. We conclude he may not. It is well settled that "in all cases the offence must be set forth with clearness, and all necessary certainty, to apprise the accused of the crime with which he stands charged." *United States v. Mills*, 32 U.S. (7 Pet.) 138, 142, 8 L.Ed. 636 (1833). "Conviction upon a charge not made would be sheer denial of due process." *De Jonge v. Oregon*, 299 U.S. 353, 362, 57 S.Ct. 255, 259, 81 L.Ed. 278 (1937); *see also Thornhill v. State of Alabama*, 310 U.S. 88, 96, 60 S.Ct. 736, 741, 84 L.Ed. 1093 (1940).

In the instant case, Corporation Counsel decided, for whatever reason, to charge appellant with driving while under the influence, yet the court *sua sponte* convicted him of driving while impaired. We think it fundamental that an accused person cannot be convicted of an offense with which he was neither charged nor tried. It is, of course, somewhat ironic that the trial court's action which appellant challenges in this appeal worked to appellant's advantage in every respect: appellant received a conviction for the less serious alcohol-related offense despite strong evidence suggesting he could have been convicted of the more serious one; by virtue of that conviction he became subject to less severe possible penalties; and conviction for the lesser offense will be particularly important in terms of consequences for any future alcohol-related convictions. Clearly, the trial judge intended to benefit the accused rather than to prejudice him.

The foregoing observations notwithstanding, however, the fact remains that appellant went to trial on notice that he

was charged with one particular offense, and walked out of the courthouse several hours later convicted of a different offense. To affirm appellant's conviction would be to establish as precedent the proposition that there are circumstances in which an individual may be convicted of an offense, not a lesser-included offense, with which he was at no point charged. Moreover, it would place the decision regarding the appropriate charge in the hands of the trial judge rather than with the prosecutor, who is entitled to make that decision as the agent of the executive branch. The selection of the appropriate charge is especially important in the statutory scheme before us because of the greatly enhanced penalties that may be imposed upon repeated convictions of precisely the same offense. *See* D.C.Code § 40–716(b)(1) and (2). While under the peculiar circumstances of the instant case such a holding may not seem particularly odious, the portent of such a holding certainly does. Accordingly, we decline to open such a jurisprudential Pandora's Box.

For the foregoing reasons, the conviction on appeal must be, and it is hereby, reversed.

*Reversed and remanded.*

---

effectiveness of enforcement and prosecution by giving the police and Corporation Counsel an

*added charge.*" Committee Report at 7 (emphasis supplied).