Amit ANAND, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 01–CT–472.

District of Columbia Court of Appeals.

Argued May 8, 2002.

Decided June 20, 2002.

John H. Spaulding, Washington, DC, for appellant.

Sidney R. Bixler, Assistant Corporation Counsel, with whom Robert Rigsby, Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel, and Rosalyn Calbert Groce, Supervisory Corporation Counsel, were on the brief, for appellee.

Before WAGNER, Chief Judge, and WASHINGTON, Associate Judge, and KING, Senior Judge.

WAGNER, Chief Judge:

Appellant, Amit Anand, was charged with driving under the influence (DUI), D.C.Code § 40–716(b)(1) (1998) [1], and operating a motor vehicle while impaired (OWI), D.C.Code § 40–716(b)(2) (1998) [2]. In a bench trial, the trial court found him not guilty of DUI, but guilty of OWI. He argues for reversal on the grounds that: (1) the two statutes under which he was charged are not different in material respects, and therefore, an acquittal under one, requires an acquittal under the other; and (2) the OWI statute is unconstitutionally vague. We affirm.

## I.

### A. *Factual Background*

At trial, Metropolitan Police Officer Francina Tensley testified that she was working at a sobriety check point on August 27, 2000 when she made a random stop of Anand's vehicle. She testified that once Anand rolled down the window, she smelled a strong odor of alcohol, and she noticed a beer bottle in the side door when he stepped out of the vehicle. According

---

1. This provision has been recodified as D.C.Code § 50–2201.05(b)(1) (2001).

2. This provision has been recodified as D.C.Code § 50–2201.05(b)(2) (2001).

to the officer, Anand admitted that he had several beers. He was given, but unable to perform a straight line walking test (heel-to-toe for nine steps and back). Officer Tensley testified that Anand was physically impaired and drunk in her opinion. Officer Heath Tucker, who gave Anand the "heel-to-toe" walking test, testified that Anand swayed during the test and was unable to keep heel-to-toe. Officer Tucker also testified that he noticed that Anand's eyes were red and watery and, in his opinion, Anand was drunk. Anand refused to be tested for alcohol on a breath machine.

Michael Menefee testified that he was with Anand at a restaurant between 11:30 p.m. to 2:00 a.m., shortly before Anand was arrested. He testified that he was absolutely sure that Anand had only three beers that night and that Anand showed no signs of intoxication when he left the restaurant shortly after 2:00 a.m. Anand also testified that he had only three beers that night and that he was not under the influence of alcohol when the police stopped him.

### B. Trial Court's Ruling

The trial court credited Officer Tucker's testimony in its entirety, and credited Officer Tensley's testimony in most respects, including testimony that Anand admitted to her that he had several beers.[3] In concluding that the government had proven beyond a reasonable doubt that Anand was driving while impaired, the trial court referenced specifically the officers' observations of Anand's condition that night, as above-described, and found significant that Anand had refused to take an Intoxilizer test even though he was informed that refusal could result in revocation of his driver's privileges and could be used in court as evidence against him. The trial

court found, under the circumstances, that Anand's refusal to take the test showed consciousness of guilt.

Having a reasonable doubt of Anand's guilt of the charge of driving under the influence, the trial court found Anand not guilty of that offense. However, with respect to driving while impaired, the court found the government's evidence against Anand convincing beyond a reasonable doubt. In making its final ruling, the court observed a difference between the two charges as follows:

> [T]o show driving under the influence, you have to show that a person is impaired to an appreciable degree. But to show that somebody is operating while impaired, it doesn't have to be to an appreciable degree, just has to be impaired at some level. Doesn't have to be excessively impaired, and I find that his ability to drive in this case was impaired, and I find him guilty of that charge.

### II.

Anand argues that he cannot be found not guilty of driving under the influence (DUI), but guilty of driving while impaired (OWI) under our statutory scheme. He contends that the proof for each of the two offenses is identical and that there is no difference in terms of the definition of the crimes shown by the statutes or the legislative history. Further, he argues that the OWI statute is unconstitutionally vague.

 Preliminarily, the government argues that because Anand made no objection in the trial court, his challenges can be reviewed only for plain error. See Harris v. United States, 602 A.2d 154, 159 (D.C. 1992) (en banc). That standard requires a showing of "obvious or readily apparent" error that is "so clearly prejudicial to sub-

---

**3.** The court stated that it had questions about some of Officer Tensley's testimony because she could not recall well all of the matters, and not because she was not candid.

stantial rights as to jeopardize the very fairness and integrity of the trial." *Id.* In other words, we will reverse "only in exceptional circumstances where 'a miscarriage of justice would otherwise result.'" *Id.* (quoting *United States v. Frady,* 456 U.S. 152, 163 n. 14, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)).

 We are not persuaded that the plain error rule is applicable to Anand's challenge, essentially to the inconsistency of the verdicts on the two counts. Only after the verdicts were entered did that issue arise.[4] Anand could not have challenged before the verdict the government's decision to prosecute him under both of the statutes on the basis that the statutes proscribe identical conduct. A defendant has "no constitutional right to elect which of two applicable statutes [is] to be the basis of his indictment and prosecution." *United States v. Young,* 376 A.2d 809, 812 (D.C.1977) (citing *Hutcherson v. United States,* 120 U.S.App.D.C. 274, 277, 345 F.2d 964, 967 (1965)). Moreover, there is no prohibition to simultaneous prosecutions under different statutes prohibiting the same conduct, even though in the end the defendant could not stand convicted of both. *Ball v. United States,* 470 U.S. 856, 860–61 n. 8, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985) (citing *United States v. Gaddis,* 424 U.S. 544, 550, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976)). Thus, a challenge to simultaneous prosecution prior to final disposition would have been for naught. Anand con-

cedes that he did not argue unconstitutional vagueness of the statute in the trial court, however, he contends that such a fatal flaw in the conviction would require reversal and vacation of the conviction. We will assume, without deciding, that the vagueness issue is properly before us because even under plenary review, Anand's claim of vagueness fails. Therefore, we turn to the merits consideration of Anand's claims.

 Anand argues that because there is no difference in the DUI and OWI statutes, having been found not guilty of DUI, he cannot be found guilty of OWI based on the same conduct. The DUI statute prohibits an individual from driving a motor vehicle while "under the influence of intoxicating liquor." D.C.Code § 40–716(b)(1). The OWI statute prohibits an individual from operating a vehicle "while the individual's ability to operate a vehicle is impaired by the consumption of intoxicating liquor." D.C.Code § 40–716(b)(2). We have previously held that these two subsections of the statute are separate and distinct and describe different offenses. *Scott v. District of Columbia,* 539 A.2d 1085, 1086–87 (D.C.1988). In *Scott,* the court did not reach the issue raised here of whether there is in fact no inherent distinction between the terms driving "while impaired" in one statutory provision and driving while "under the influence" in the other.[5] *Id.* at 1086. We need not do so

---

4. Anand could have filed a post-verdict motion pursuant to Super. Ct. Civ. R. 33 in the trial court to raise the issue. The record reflects that he filed a Rule 33 motion, but the court denied it as untimely. The motion itself is not designated as a part of the record; therefore, we do not know the basis for the motion. The government does not assert that the disposition of this motion has any bearing upon the issues before this court.

5. In *Scott,* the government argued that, except for the penalties, there was no inherent distinction in the two subsections of the statute, but resolution of the issue was not necessary to a disposition of the case. 539 A.2d at 1086. The narrow question before the court was whether one charged only under the DUI statute could be convicted under the OWI statute. *Id.* at 1087. The government had conceded that OWI was not a lesser-included offense of DUI. *Id.* at 1086. Having concluded that the statutes are separate and distinct

here either first, because "there is no constitutional infirmity in the coexistence of statutes proscribing identical conduct." *Young, supra,* 376 A.2d at 812. In *Young,* we considered whether a felony indictment for a D.C.Code offense was subject to dismissal because another provision of the Code provided for "misdemeanor characterization for conduct identical to that proscribed by part of the felony statute." [6] *Id.* at 811. We determined that prosecution under one provision as opposed to the other is not a basis to challenge the prosecution even though one has a greater penalty. *Id.* at 812 (citations omitted). Pertinent to our consideration here, in *Young,* we observed:

> It is well established that where the evidence relied upon to prove a violation of a felony statute is identical to the evidence needed to show a violation of the misdemeanor statute, the felony statute is not rendered void for vagueness or unconstitutional in any other sense, nor does it require that the conduct be prosecuted as a misdemeanor rather than as the felony.

*Id.* (citing *Palmore v. United States,* 290 A.2d 573 (D.C.1972), *aff'd,* 411 U.S. 389, 93

S.Ct. 1670, 36 L.Ed.2d 342 (1973) (other citations omitted)). Courts must give effect to both statutes, unless the legislature has expressed a contrary intent. *Id.* at 813 (citing *United States v. Shepard,* 169 U.S.App. D.C. 353, 365, 515 F.2d 1324, 1336 (1975)). Here, there is no legislative expression on the face of the statute or in its legislative history indicating an intention not to give effect to both statutes. The expressed legislative intent is to the contrary.[7]

When two statutory provisions cover the same conduct, a determination of which of two statutes to prosecute under is within the discretion of the prosecuting authority. *Young, supra,* 376 A.2d at 812 (citations omitted). Since there is no prohibition to simultaneous prosecution under two different statutes prohibiting the same conduct, the prosecutor may charge for both offenses in a single indictment or information. *See Ball, supra,* 470 U.S. at 859, 105 S.Ct. 1668. While the prosecutor must choose ultimately in order to avoid the bar to duplicative punishments, that choice need not be made at the charging stage. *See id.* at 861, 105 S.Ct. 1668; *see also Young,* 376 A.2d at 812. Here, no

---

statutorily, this court reversed the appellant's conviction of the uncharged OWI offense because "it is fundamental that an accused person cannot be convicted of an offense with which he was neither charged nor tried." *Id.* at 1087; *see also DeJonge v. Oregon,* 299 U.S. 353, 362, 57 S.Ct. 255, 81 L.Ed. 278 (1937) ("Conviction upon a charge not made would be sheer denial of due process.").

6. The statutes under consideration in *Young* were D.C.Code § 22–507 (1973), a misdemeanor statute covering threats to do bodily harm, and D.C.Code § 22–2307 (1973), a felony provision prohibiting, among other conduct, threats to injure any person. *See* 376 A.2d at 812.

7. The legislative history of the OWI statute and the revisions to the DUI statute make clear that it was intended that both provisions

be given effect. *See Committee Report, Bill 4–389, the "Anti–Drunk–Driving Act of 1982."* The expressed overall purpose was to strengthen the drunk driving laws in the District of Columbia, including by adding a new section, with less severe penalties, covering operation of a vehicle "while the ability to operate a vehicle is impaired by the consumption of alcohol." *Id.* The OWI section was intended to provide the Corporation Counsel with additional flexibility not only in plea bargaining as the "lesser alcohol traffic offense," but also in charging. *Id.* at p. 6. The report states, this offense (OWI) "along with the .05 percent or more prima facie evidence provision of section 2 will increase the effectiveness of enforcement and prosecution by giving the police and Corporation Counsel an added charge." *Id.* at p. 7.

doubt, the prosecutor chose to prosecute under both subsections of the statute to avoid the problem confronted in *Scott.* In *Scott,* where the court found the defendant not guilty of the charged offense of DUI, but guilty of the uncharged OWI, reversal of the conviction was required because the accused may not be convicted of an offense for which he was not charged and tried.[8] 539 A.2d at 1087. In this case, Anand was charged and convicted of OWI; therefore, he cannot make the challenge made in *Scott.* He had notice of the charges and an opportunity to defend them. In a sense, Anand's argument is that the verdicts on the two counts are inconsistent. However, it is well established that inconsistent verdicts may stand. *See Haynesworth v. United States,* 473 A.2d 366, 371 (D.C.1984); *see also Harris v. Rivera,* 454 U.S. 339, 344–45, 102 S.Ct. 460, 70 L.Ed.2d 530 (1981); *Smith v. United States,* 684 A.2d 307, 312 (D.C.1996) (citations omitted).

Anand argues that there cannot be a conviction based upon an offense of less severity than that covered by the DWI statute. His argument is premised on this court's decision in *Poulnot, supra* note 8, 608 A.2d at 134, which he contends defined "under the influence" in the DUI statute to mean "to the slightest degree less able to operate a vehicle." He contends, therefore, that the OWI statute cannot cover a lesser degree of impairment by alcohol than "slightest." In *Poulnot,* this court determined that it is not necessary to be drunk in order to violate the DUI statute and that "the prosecution need not prove any specific degree of intoxication." *Id.* at 138. We accepted generally a definition from the Supreme Court of New Mexico for the offense of DUI, substituting, however, the word "appreciable" for "slightest," in the following language defining driving while under the influence to mean:

> *to the slightest degree* ... less able, either mentally or physically or both, to exercise the clear judgment and steady hand necessary to handle as powerful and dangerous a mechanism as a modern automobile with safety to himself and the public.

*Id.* at 137 (quoting *State v. Deming,* 66 N.M. 175, 180, 344 P.2d 481, 484–85 (1959)) (quoting *State v. Sisneros,* 42 N.M. 500, 507, 82 P.2d 274, 278 (1938)). Thus, Anand's argument is premised upon the language from the New Mexico Supreme Court for which this court specifically substituted other language found to be more appropriate in interpreting our statute.

In any event, Anand's conviction is supportable under the OWI statute as found by the trial court. The OWI statute requires proof that an "individual's ability to operate a vehicle [was] impaired by the consumption of intoxicating liquor." D.C.Code § 40–716(b)(2). The question is whether the accused "was so affected by the consumption of alcohol that it impaired his/her ability to operate a motor vehicle in the same way a reasonably careful and prudent driver, not so impaired, would operate a vehicle in similar circumstances." Criminal Jury Instructions for the District of Columbia, No. 4.97 B (1993). This determination is a question of fact for the trier of fact from all of the circumstances. *See Poulnot, supra,* 608 A.2d at 138. There was sufficient evidence to support the trial court's finding that Anand was impaired to the degree required by the

---

**8.** In *Poulnot,* we defined DUI essentially as, driving while "appreciably impaired" by alcohol. *Poulnot v. District of Columbia,* 608 A.2d 134, 138 (D.C.1992). Since OWI is defined as "operating while impaired" by alcohol, it would seem to follow that OWI is a lesser-included offense of DUI. *See* D.C.Code § 40–716(b)(2). In *Scott, supra,* we held that it is not, but there the point was conceded by the government. 539 A.2d at 1087.

statute under which he was convicted. There was evidence that he admitted having several beers, which the trial court credited. His eyes were watery, and he could not perform the walking test without swaying. The two officers who observed him expressed the opinion that he was intoxicated. The trial court found that his refusal to take the breath test evidenced Anand's consciousness of guilt.

Anand's vagueness challenge also fails. A statute is unconstitutionally vague if "with respect to what conduct is either proscribed or required, [ ] persons of common intelligence must necessarily guess at its meaning." *Brown v. District of Columbia,* 727 A.2d 865, 867 (D.C.1999) (citations omitted). An understanding of the OWI statute does not leave interpretation to guesswork. The accused could reasonably understand that the conduct in which he engaged is proscribed by the statute. *See id.* (citation omitted). Nor is the statute rendered vague, as argued by Anand, because of the claim that the DUI and OWI statutes proscribe the same conduct. Even assuming that the two statutes proscribe identical conduct, an issue we need not decide, this does not render the statute void for vagueness. *See Young, supra,* 376 A.2d at 813.

For the foregoing reasons, the judgment of conviction appealed from hereby is

*Affirmed.*