# District of Columbia
# Court of Appeals

No. 11-CT-1619

KRISHNA PATRICK MUIR,

Appellant,

v.

DISTRICT OF COLUMBIA,

Appellee.



CTF-4447-09

On Appeal from the Superior Court of the District of Columbia
Criminal Division

BEFORE: Glickman and McLeese, Associate Judges; and Newman, Senior Judge.

## JUDGMENT

This case came to be heard on the transcripts of record, the briefs filed, and was argued by counsel. On consideration whereof, and for the reasons set forth in the opinion filed this date, it is now hereby

ORDERED and ADJUDGED that appellant's conviction for operating a vehicle while impaired ("OWI") is reversed, and the matter is remanded for further proceedings not inconsistent with this opinion.
.

For the Court:

<em>Julio A. Castillo</em>

JULIO A. CASTILLO<br>Clerk of the Court

Dated: January 14, 2016.

Opinion by Associate Judge Stephen H. Glickman.

Concurring opinion by Senior Judge Theodore R. Newman.

*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 11-CT-1619

KRISHNA PATRICK MUIR, APPELLANT,

v.

DISTRICT OF COLUMBIA, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(CTF-4447-09)

(Hon. Anthony C. Epstein, Trial Judge)

(Submitted: June 25, 2015          Decided: January 14, 2016)

*Daniel K. Dorsey* was on the brief for appellant.

*Irvin B. Nathan*, Attorney General for the District of Columbia at the time the brief was filed, *Todd S. Kim*, Solicitor General, *Rosalyn Calbert Groce*, Deputy Solicitor General, and *Janice Y. Sheppard*, Assistant Attorney General, were on the brief for appellee.

Before GLICKMAN and MCLEESE, *Associate Judges*, and NEWMAN, *Senior Judge*.

Opinion for the court by *Associate Judge* GLICKMAN.

Concurring Opinion by *Senior Judge* NEWMAN at page 29.

GLICKMAN, *Associate Judge*:  Appellant Krishna Patrick Muir went to trial in 2011 on charges of driving under the influence ("DUI") and operating a vehicle while impaired ("OWI").  The trial judge instructed the jury that it could convict Muir of OWI if it found his consumption of alcohol had impaired his ability to operate a motor vehicle "in any way," while it would have to find "an appreciable degree" of impairment to convict appellant of DUI.  Muir did not object to this instruction.  The jury proceeded to find him guilty of OWI and acquit him of DUI.  Following this verdict, the judge concluded that OWI actually requires the same "appreciable degree" of impairment as DUI requires.  Nonetheless, concluding that the law on this point was unsettled and that the instructional error was neither plain nor prejudicial, the judge declined to set the verdict aside.

Subsequently, this court clarified in *Taylor v. District of Columbia* that the alcohol-impairment threshold is the same for OWI and DUI, and that both offenses require proof of an "appreciable degree" of impairment.[1]  Relying on our decision in *Taylor*, Muir asks us to reverse his OWI conviction on the ground that the instruction given at his trial unconstitutionally allowed the jury to convict him without finding the requisite degree of impairment.

---

[1]  49 A.3d 1259, 1267 (D.C. 2012).  On motion of the District, this court held the appeal in this case in abeyance pending its decision in *Taylor*.  The stay was lifted on August 25, 2014.

Having forfeited this claim by failing to object to the instruction at trial, appellant must show plain error in order to obtain relief. Prior to the Supreme Court's decision in *Henderson v. United States*,[2] the unsettled state of the law at the time of trial might have prevented appellant from showing the necessary "plainness" of the instructional error within the meaning of the plain error doctrine. But after *Henderson*, an error need only be clear as of the time of appellate review to satisfy the plainness requirement, regardless of the state of the law at the time of trial. And because we conclude there exists a reasonable probability that the now-clear error did affect appellant's substantial rights and resulted in his conviction of OWI despite the jury's determination that the government failed to prove an essential element of that offense, we reverse his conviction and remand for further proceedings.

## I. Factual Background

The main contested issue at appellant's trial was whether he was impaired by his consumption of alcohol when his car was stopped and he was arrested on the evening of Saturday, February 7, 2009. Metropolitan Police Department Officer

---

[2] 133 S. Ct. 1121 (2013).

Henry Gallagher testified that he was on patrol in a police cruiser shortly after 9:00 p.m. that evening when he observed appellant driving down Emerson Street N.W. toward Georgia Avenue. Officer Gallagher saw appellant proceed through the crosswalk and continue across Georgia Avenue without slowing or stopping and then make "rolling stops" (slowing but not actually stopping) as he went through subsequent intersections. Officer Gallagher activated his lights and siren. Appellant sped up and drove for another block before coming to a stop and parking in the 1500 block of Emerson Street.

According to Officer Gallagher, appellant got out of the car and nearly fell down before he grabbed the driver's door to steady himself. Officer Gallagher told appellant to get back inside his car and appellant complied. When the officer requested appellant's driver's license and registration, he smelled alcohol coming from inside the car and on appellant's breath. Officer Gallagher noticed that appellant's eyes were half open and saw a Styrofoam cup on the floor behind the front passenger seat containing what smelled like an alcoholic beverage.[3] Officer Gallagher asked appellant how much he had had to drink, and appellant said "one

---

[3] Prior to the start of trial, the District dismissed a charge of Possession of an Open Container of Alcohol in violation of D.C. Code § 25-1001 (2012 Repl.).

shot." Appellant attributed the odor of alcohol emanating from his vehicle to a friend's having spilled beer on the car's door.

Officer Gallagher asked appellant to step out to perform the standard field sobriety test protocol, which consisted of a horizontal gaze nystagmus ("HGN") test, a walk-and-turn test, and a one-leg-stand test.[4] Appellant complied, though he mentioned having a hip injury. During the HGN test, Officer Gallagher testified, appellant's eye movements exhibited four out of a possible six clues indicating

---

[4] In *Pennsylvania v. Muniz*, 496 U.S. 582 (1990), the Supreme Court described these tests as follows:

> The "horizontal gaze nystagmus" test measures the extent to which a person's eyes jerk as they follow an object moving from one side of the person's field of vision to the other. The test is premised on the understanding that, whereas everyone's eyes exhibit some jerking while turning to the side, when the subject is intoxicated "the onset of the jerking occurs after fewer degrees of turning, and the jerking at more extreme angles becomes more distinct." The "walk and turn" test requires the subject to walk heel to toe along a straight line for nine paces, pivot, and then walk back heel to toe along the line for another nine paces. The subject is required to count each pace aloud from one to nine. The "one leg stand" test requires the subject to stand on one leg with the other leg extended in the air for 30 seconds, while counting aloud from one to thirty.

*Id.* at 585 n.1 (internal citation omitted).

impairment. Appellant also had some difficulties with the walk-and-turn test, such as missing a few of the heel-to-toe steps. According to Officer Gallagher, the clues he observed during these two tests indicated an 80% probability that appellant's blood alcohol content was "above .10" (grams per 100 milliliters of blood, implying legal intoxication). Officer Gallagher did not observe any clues suggesting impairment during appellant's performance of the one-leg-stand test. However, the officer did notice that appellant was unsteady on his feet and that his speech was slurred.

The government also called Officer Sean Hill as a witness. Officer Hill was at the scene when Officer Gallagher conducted the stop and saw appellant hold onto the car door for support when he got out of the vehicle. He corroborated Officer Gallagher's testimony and added that later, at the police station, he observed that appellant's eyes were bloodshot, that there was a moderate odor of alcohol on his breath, and that he swayed from side to side a bit.

Based on their training, experience, and observations, both officers were of the opinion that appellant was under the influence of alcohol.

In his defense, appellant testified that on the night he was stopped, he was driving to the home of his fiancée's family in the 1500 block of Emerson Street

after having been at a wedding reception. He said he did not notice the police cruiser or hear its siren before he parked his car, and he denied having difficulty standing up when he got out. Appellant acknowledged having had an alcoholic drink at the wedding reception some hours before the stop. He claimed it had no effect on him and denied being impaired in his ability to drive. Appellant said his eyes might have been red because he suffered from allergies. He confirmed that a friend spilled a drink on his car door at the wedding while reaching into the car for cigarettes. He said he had not seen the Styrofoam cup in the back of his car before the police retrieved it and did not know what the cup contained.

Appellant's fiancée and her father also testified, saying they witnessed appellant's encounter with the police from across the street. They said appellant got out of his car without any difficulty and acted normally when he was asked to perform the field sobriety tests. They testified that he did not sway or wobble and that he walked in a straight line when he performed the walk-and-turn test.

Before the start of trial, the judge informed the parties of his tentative view that the same standard of "impairment to an appreciable degree" applies to both DUI and OWI, and that the government therefore should elect which of the two essentially equivalent charges it wished to proceed on. The government agreed

that an "appreciable degree" of impairment in the ability to operate a motor vehicle must be shown for a DUI conviction, but it argued that both charges should be submitted to the jury because a defendant can be found guilty of OWI if he was impaired "in any way." Appellant did not object to this request, and the judge, recognizing the uncertainty in the law, acquiesced in it. Accordingly, at the conclusion of the trial, the jury was asked to consider both counts on the understanding that DUI and OWI are separate offenses differing only in the level of impairment that must be shown to establish them. Borrowing from a model instruction in the then-current edition of the "Redbook,"[5] the judge instructed the jury as follows (emphasis added):

> The defendant is charged with two offenses; driving under the influence of alcohol and operating while impaired by alcohol. They are *two separate offenses*, but they are related.
>
> Each of these charges has two elements and the Government must prove each element beyond a reasonable doubt. The first element of each charge is the same; that the defendant operated a motor vehicle in the District of Columbia.
>
> For the charge of *driving under the influence*, the second element is that . . . at the time the defendant operated the vehicle he was under the influence of alcohol. One is

---

[5] Criminal Jury Instructions for the District of Columbia, No. 6.400 (5th ed. rev. 2009).

under the influence of alcohol when one's ability to operate a vehicle is *impaired to an appreciable degree* by the consumption of alcohol. In other words, alcohol disturbed or interfered with the defendant's normal mental or physical faculties to an appreciable degree.

For the charge of *operating while impaired*, the second element is that the defendant's consumption of alcohol *impaired in any way* his ability to operate a vehicle.

For both charges, the Government does not have to prove that the defendant was intoxicated or drunk while operating the vehicle as those terms are commonly understood.

In deciding whether the defendant was driving under the influence or operating while impaired, you may consider any fact or circumstance you consider relevant.

Evidence that the defendant recently consumed alcoholic beverages is relevant to each charge, but does not in and of itself prove that he was under the influence of or driving while impaired by alcohol.

Evidence that the defendant's actual driving was impaired is also relevant to each charge, but the Government is not required to prove for either charge that his driving was impaired. You may also consider the results of field sobriety tests, the defendant's actions or speech and any odor of alcohol.

For both charges, the question to be resolved from all the evidence is whether the District of Columbia has proved beyond a reasonable doubt whether the defendant's consumption of alcohol impaired his ability to operate a vehicle in the same way a reasonably careful and prudent driv[er] not under the influence of alcohol would operate it in similar circumstances.

Appellant did not object to this instruction.[6]

In the government's closing argument, the prosecutor emphasized the "two different standards" of impairment for DUI and OWI thusly (emphasis added):

> The Government is asking at the end of this case that you all do find the defendant guilty of *driving under the influence to an appreciable degree* and also *operating while impaired to any degree*.
>
> The Government doesn't have to show the defendant is falling down drunk. The [Government] has to show that this defendant was *impaired to two different standards*.

In due course, the jury returned its verdict of guilty on the OWI count and not guilty on the DUI count. After taking the verdict, the judge *sua sponte* requested the parties to brief the question of whether the two offenses are the same and whether the "appreciable degree" standard applies to both of them. Appellant did not respond to this request. The government filed a brief arguing that the court had instructed the jury correctly.

On October 3, 2011, the trial judge issued an order allowing the jury's verdict to stand. The judge concluded that DUI and OWI require proof of the same

---

[6] Earlier, when the judge initially discussed the proposed instruction with counsel, appellant's attorney said he would "defer to the Court."

level of impairment, namely that the defendant's ability to drive was impaired "to an appreciable degree" by his consumption of alcohol. Moreover, the judge recognized, "use of the 'in any way' standard [for OWI] in juxtaposition with the 'appreciable degree' standard for DUI arguably could create a risk of an illegal conviction for OWI because instructing the jury that DUI requires proof an 'appreciable' degree of impairment and that OWI requires proof of impairment 'in any way' could imply (incorrectly) that proof of a non-appreciable degree of impairment is sufficient for a conviction for OWI." Nonetheless, the judge ruled, appellant was not entitled to have his OWI conviction set aside, because he did not object to the instruction on the elements of OWI and the mistaken "impaired in any way" instruction did not amount to plain error. The judge reasoned that the error was not "plain" given both the Redbook instruction employing the "impaired in any way" terminology for OWI and the lack of appellate guidance on the issue.[7] In addition, the judge reasoned, the error did not clearly prejudice appellant's substantial rights, because the government's case was "reasonably strong," and the last paragraph of the instruction effectively required the jury to find that

---

[7] In *Anand v. District of Columbia*, 801 A.2d 951 (2002), this court declined to resolve the question "of whether there is in fact no inherent distinction between the terms driving 'while impaired' in one statutory provision and driving while 'under the influence' in the other." *Id.* at 955; *see also Taylor*, 49 A.3d at 1264 n.8 ("[N]either in *Anand* nor in any other case did we reach the issue[.]").

appellant's ability to drive was impaired "to a degree more than *de minimis*" in order to convict him of either DUI or OWI.

## II. Legal Background

The OWI statute in effect at the time of appellant's arrest prohibited operating or being in physical control of a vehicle "while the person's ability to operate a vehicle is impaired by the consumption of intoxicating liquor."[8] The DUI statute prohibited operating or being in physical control of a vehicle "while under the influence of intoxicating liquor or any drug or any combination thereof."[9] A

---

[8] D.C. Code § 50-2201.05 (b)(2) (2009 Repl.). As amended and renumbered in 2013, the OWI statute now provides that "[n]o person shall operate or be in physical control of any vehicle in the District while the person's ability to operate or be in physical control of a vehicle is impaired by the consumption of alcohol or any drug or any combination thereof." D.C. Code § 50-2206.14 (2014 Repl.).

[9] D.C. Code § 50-2201.05 (b)(1)(A)(i)(II) (2009 Repl.). The current version of the statute provides that "[n]o person shall operate or be in physical control of any vehicle in the District: (1) While the person is intoxicated; or (2) While the person is under the influence of alcohol or any drug or any combination thereof." D.C. Code § 50-2206.11 (2014 Repl.). The District prosecuted appellant under subparagraph (2). A prosecution under subparagraph (1) requires proof of a statutorily-specified alcohol concentration level, currently .08 grams or more per 100 milliliters of blood or corresponding concentrations in the breath or urine. *See* D.C. Code § 50-2206.01 (9) (2014 Repl.) (defining the term "Intoxicated"). Proof of an appreciable degree of impairment is not required when the government establishes such a "*per se*" violation. *Harris v. District of Columbia*, 601 A.2d 21, 26 (D.C. 1991).

year after appellant's trial, this court issued its decision in *Taylor v. District of Columbia*.[10] The decision resolved outstanding "questions about the difference between OWI and DUI [that had made] it abundantly clear that . . . the relationship between the two offenses need[ed] to get sorted out."[11] *Taylor* clarified that while OWI and DUI are "separate and distinct" offenses,[12] they both prohibit driving while "impaired" by alcohol and "the alcohol-impairment threshold is the same" for both offenses.[13] Based on an examination of the legislative history of the OWI statute, we concluded that the only material difference between OWI and DUI— the difference in the authorized punishments[14]—did not indicate "a legislative

---

[10] 49 A.3d 1259 (D.C. 2012).

[11] *Id.* at 1264 (internal quotation marks omitted).

[12] *See Scott v. District of Columbia*, 539 A.2d 1085, 1086 (D.C. 1988) (holding that a defendant who is charged only with DUI may not be convicted of OWI because OWI is not a lesser-included offense of DUI).

[13] *Taylor*, 49 A.3d at 1266. Previously we had merely accepted the District's concession that OWI and DUI "are so closely related that they should be considered alternates, precluding punishment for both" without deciding whether the standards were the same. *Id.* at 1264 n.9 (quoting *Santos v. District of Columbia,* 940 A.2d 113, 114 (D.C. 2007)); *see also Tabaka v. District of Columbia,* 976 A.2d 173, 174 (D.C. 2009) (accepting the government's concession that "if appellant's conviction for DUI is upheld, his conviction for OWI must be vacated on remand as duplicative").

[14] A greater penalty is authorized for DUI than for OWI. Thus, the current statute provides that a person convicted of DUI (as a first offense) shall be fined $1,000 and/or imprisoned for up to 180 days, while a person convicted of OWI (as

*(continued…)*

intent that OWI cover impairment below the threshold required for a conviction of DUI," but rather was designed to facilitate plea bargaining.[15]

*Taylor* also clarified the degree of impairment that must be shown to prove DUI and OWI. This, too, had been an area of some confusion. *Poulnot v. District of Columbia*, the first of this court's decisions to discuss the level of impairment required for DUI, quoted the standard articulated by the New Mexico Supreme Court:

> [A] person is guilty of driving while under the influence of intoxicating liquor if he or she is "*to the slightest degree* . . . less able, either mentally or physically or both, to exercise the clear judgment and steady hand necessary to handle as powerful and dangerous a mechanism as a modern automobile with safety to himself and the public."[16]

---

*(continued…)*
a first offense) shall be fined $500 and/or imprisoned for up to ninety days. D.C. Code §§ 50-2206.13 (a), -2206.15 (a). (Greater penalties are authorized for repeat offenders or, for DUI, when other aggravating factors are present.)

[15] *Taylor*, 49 A.3d at 1265 (citing Council of the District of Columbia, Committee on Transportation and Environmental Affairs, Report on Bill 4–389, the "Anti–Drunk Driving Act of 1982" at 7, 10).

[16] *Poulnot v. District of Columbia*, 608 A.2d 134, 137 (D.C. 1992) (quoting *State v. Deming*, 344 P.2d 481, 484-85 (N.M. 1959); emphasis in original).

We said we "generally agree[d]" with the New Mexico court's formulation, with the caveat that "'appreciable' is, in our view, a more appropriate word than 'slightest.'"[17] Despite that caveat, some subsequent cases of this court continued to say that "the slightest degree" of impairment would suffice to prove DUI.[18] In *Taylor*, the court reiterated that "'appreciably' is the more appropriate word . . . because it connotes primarily that the impairment must be capable of being perceived by the naked senses, whereas 'to the slightest degree' . . . may imply a primary focus on a level of impairment that can be discerned only through measurement of the amount of alcohol in the breath or blood."[19]

Accordingly, *Taylor* held that the standard for both DUI and OWI is "correctly expressed as that level of impairment at which a person is *appreciably* less able, either mentally or physically or both, to exercise the clear judgment and

---

[17] *Id.* at 138.

[18] *See Thomas v. District of Columbia*, 942 A.2d 645, 649 (D.C. 2008); *Karamychev v. District of Columbia,* 772 A.2d 806, 812 (D.C. 2001).

[19] 49 A.3d at 1267.

steady hand necessary to handle as powerful and dangerous a mechanism as a modern automobile with safety to himself and the public."[20]

## III. Discussion

Appellant contends that his OWI conviction should be reversed because the instruction given the jury unconstitutionally allowed it to find him guilty of OWI without finding an essential element of the offense, namely that his driving ability was "appreciably" impaired.[21] Because appellant did not object to the instruction, his claim is subject to the strictures of "plain error" review.[22] Superior Court

---

[20] *Id.* (internal quotation marks omitted). We note that the Comprehensive Impaired Driving and Alcohol Testing Program Amendment Act of 2012, which went into effect as emergency legislation on July 30, 2012, includes a provision defining the term "impaired" to mean that "a person's ability to operate or be in physical control of a vehicle is affected, due to consumption of alcohol or a drug or a combination thereof, in a way that can be perceived or noticed." D.C. Code § 50-2206.01 (8). This definition is consistent with our holding in *Taylor*.

[21] A Due Process violation is found where there is a reasonable likelihood that a jury instruction allowed the jury to convict a defendant without proof beyond a reasonable doubt of every essential element of the charged offense. *See Victor v. Nebraska*, 511 U.S. 1, 6 (1994); *Hatch v. United States*, 35 A.3d 1115, 1121 (D.C. 2011).

[22] We review only for plain error, though the trial judge concluded after the verdict that the instruction was erroneous, because by then it was too late to undo the effect of the error in the course of the trial. *See Tann v. United States*, No. 09-CF-1438, 2015 D.C. App. LEXIS 533, at *181 (D.C. Nov. 19, 2015); *see also Brown v. United States*, 881 A.2d 586, 593 (D.C. 2005) ("In order to preserve a

*(continued…)*

Criminal Rule 52 (b) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the Court." Accordingly, to obtain relief, appellant must establish that the instruction was erroneous, that the error is "plain," and that it affected his substantial rights. If those three threshold conditions are met, the Rule allows this court to correct the error if it determines that the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings."[23] We address each of these four conditions in turn.

## A. Error in the Instruction

The instruction told the jury that it could find appellant guilty of OWI if he was impaired by the consumption of alcohol "in any way," in contrast to the "appreciable degree" of impairment required to find him guilty of DUI. As

_____

*(continued…)*
jury instruction issue for appeal, Superior Court Criminal Rule 30 requires a party to 'object[] thereto before the jury retires to consider its verdict, stating distinctly the matter to which that party objects and the grounds of the objection.' . . . When a defendant fails to object to an instruction in the manner required by Rule 30, we are limited to reviewing that instruction for plain error.").

[23] *Thomas v. United States*, 914 A.2d 1, 8 (D.C. 2006) (quoting *Johnson v. United States*, 520 U.S. 461, 467 (1997)); *see also United States v. Olano*, 507 U.S. 725, 732 (1993) (setting forth the above four-part test); Fed. R. Crim. P. 52(b).

evidenced by the prosecutor's closing argument, the two terms are not, and at trial were not understood to be, synonymous. *Taylor* establishes that the instruction was erroneous because the "appreciable degree" standard of impairment applies to OWI just as it does to DUI.[24]

## B. Plainness of the Error

The OWI instruction was not plainly erroneous at the time of appellant's trial in 2011. *Taylor* was not decided until a year later. We heretofore have followed the Supreme Court's holding in *Johnson* that "where the law at the time of trial was settled and clearly contrary to the law at the time of appeal[,] it is enough that an error be 'plain' at the time of appellate consideration."[25] This relaxation of the plainness condition excuses the failure to object at trial when it

---

[24] Because *Taylor* also establishes the equivalence of OWI with DUI, the comment to the current Redbook instruction on DUI notes that "the government now dismisses the OWI charge at the start of any trial on the DUI charge, making a separate OWI instruction unnecessary." Criminal Jury Instructions for the District of Columbia, No. 6.400 (5th ed. rev. 2015). It is within the discretion of the trial court whether to require the government to elect among multiplicitous charges. *Reeves v. United States*, 902 A.2d 88, 89 (D.C. 2006).

[25] *See, e.g.*, *Thomas*, 914 A.2d at 20 (quoting *Johnson*, 520 U.S. at 468).

would have been futile to do so.[26]  By itself, however, such a relaxation of the requirement does not benefit appellant in the present case, because at the time of his trial, the law pertaining to the degree of impairment required for OWI was *unsettled*, and there is no reason to think his objection would have been futile.  (On the contrary, the judge manifested his receptivity to it.)

*Johnson* left open the question whether an error may be deemed "plain" within the meaning of the plain error rule when the law was unsettled at the time of trial, as long as the erroneous nature of the trial court's legal ruling has become plain by the time of appellate review.  In 2013, the Supreme Court answered that question.  Interpreting Federal Rule of Criminal Procedure 52(b) in *Henderson v. United States*, the Court held that "whether a legal question was settled or unsettled at the time of trial, it is enough that an error be plain at the time of appellate consideration for the second [plainness] part of the four-part *Olano* test to be satisfied."[27]  The Court concluded, among other things, that this reading of

---

[26] *See id.* at 21 n.26 (stating that *Johnson*'s relaxation of the plain error rule does not apply, and a "forfeited claim would be subject to the usual plain error test on appeal," where the governing law is "no longer settled" at the time of trial and a timely objection therefore "would not necessarily have been futile").

[27] *Henderson v. United States*, 133 S. Ct. 1121, 1130-31 (2013) (quoting *Johnson*, 520 U.S. at 468; internal quotation marks and brackets omitted).

Criminal Rule 52 (b) advances the "basic" principle that "an appellate court must apply the law in effect at the time it renders its decision,"[28] does not undermine "the competing administrative principle that insists that counsel call a potential error to the trial court's attention," and is "consistent with the basic purpose of Rule 52(b), namely the creation of a fairness-based exception to the general requirement that an objection be made at trial."[29]

*Henderson*'s analysis of the plain error doctrine is persuasive, and because Superior Court Rule of Criminal Procedure 52 (b) is derived from Federal Rule of Criminal Procedure 52 (b) and identical to it in all material respects, we have every reason to follow *Henderson* and construe our Rule consistently. This accords with this court's usual practice.[30] Doing so redounds to appellant's benefit in this case,

---

[28] *Id.* at 1129 (quoting *Thorpe v. Hous. Auth.,* 393 U.S. 268, 281 (1969)).

[29] *Id.* The Court further concluded that foreclosing plain error review when the law was unsettled at the time of trial would be "out of step with our precedents, create[] unfair and anomalous results, and work[] practical administrative harm." *Id.*

[30] *See Smith v. United States*, 984 A.2d 196, 200 (D.C. 2009) ("This court has often analyzed Superior Court Rules in light of federal courts' analysis of their federal analogues."); D.C. Code § 11-946 (2012 Repl.) (providing that "[t]he Superior Court shall conduct its business according to the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure . . . unless it prescribes or adopts rules which modify those Rules.").

for while the degree of impairment required for OWI was an unsettled legal question at the time of his trial, the answer to that question has become plain by the time of our appellate review by virtue of our intervening decision in *Taylor*. For purposes of the plain error doctrine, therefore, the instructional error in this case is plain.

## C. The Effect of the Error on Appellant's Substantial Rights

For a plain error to "affect substantial rights," it must be of such a character "that viewed in the context of the trial, there is a reasonable probability that but for the error the factfinder would have had a reasonable doubt respecting guilt."[31] Here, the jury's acquittal of appellant on the DUI charge shows there is a reasonable probability that but for the erroneous instruction, the jury would have had reasonable doubt respecting appellant's guilt of OWI.

As the jury was instructed and as the case was presented to it, the one and only difference between the charges of DUI and OWI was the level of driving impairment the jury had to find in order to convict appellant of each offense: an

---

[31] *Portillo v. United States*, 62 A.3d 1243, 1259 (D.C. 2013) (quoting *Wheeler v. United States*, 930 A.2d 232, 245 (D.C. 2007)); *see also Thomas*, 914 A.2d at 21-22.

"appreciable" degree of impairment for DUI, but "any" degree of impairment for OWI. The jury was told these terms referred to two different standards; it was given no reason to think they were synonymous. There is no indication the jury found the instruction confusing or that it was misled as to the meaning of "appreciable" in this context. In the absence of any good reason to suppose otherwise, we presume the jury followed the court's direction.[32] Therefore, the fact the jury acquitted appellant of DUI while simultaneously finding him guilty of OWI must be taken to mean the jury had at least a reasonable doubt that appellant was appreciably impaired by his consumption of alcohol. It follows that if the jury had been instructed correctly that OWI also requires proof of an "appreciable" degree of impairment, it would have acquitted him of that charge as well; it could not rationally have done otherwise. At a minimum, we must conclude there is a reasonable probability that would have been the outcome.

---

[32] *See, e.g.*, *Plater v. United States*, 745 A.2d 953, 959 (D.C. 2000) ("[W]e trust the almost invariable assumption of the law that jurors follow their instructions." (Internal quotation marks omitted.)); *see also Francis v. Franklin*, 471 U.S. 307, 324 n.9 (1985) ("The Court presumes that jurors, conscious of the gravity of their task, attend closely the particular language of the trial court's instructions in a criminal case and strive to understand, make sense of, and follow the instructions given them. Cases may arise in which the risk of prejudice inhering in material put before the jury may be so great that even a limiting instruction will not adequately protect a criminal defendant's constitutional rights. Absent such extraordinary situations, however, we adhere to the crucial assumption underlying our constitutional system of trial by jury that jurors carefully follow instructions." (Internal citations omitted.)).

Our decision in *Taylor* does not undercut this analysis. In *Taylor*, the deliberating jury sent four notes seeking clarification of the term "to an appreciable degree" and of the difference between DUI and OWI.[33] The trial judge responded by explaining to the jury that the impairment necessary for a DUI conviction must be "considerable" in degree while "any" impairment (appreciable or not) is enough for OWI.[34] The jury ultimately returned a guilty verdict on the OWI charge but deadlocked with respect to the DUI charge (as to which a mistrial was declared). On appeal, this court (with one judge dissenting) upheld the OWI conviction, finding that the instructional error was harmless. It did so, however, for three reasons we find inapplicable here. The *Taylor* majority reasoned that (1) the contents of the jury's notes indicated the jury was "prepared" to convict of OWI before it received the erroneous instruction[35]; (2) in finding the defendant guilty of OWI, the jury "necessarily" credited testimony that the defendant was "perceptibl[y] or noticeabl[y]" (i.e., "appreciably") impaired because there was no evidence the defendant had "a degree of impairment . . . beyond unaided human perception" (such as blood-alcohol evidence)[36]; and (3) the jury's deadlock on DUI

---

[33] 49 A.3d at 1262-63.

[34] *Id.* at 1263.

[35] *Id.* at 1271.

did not signify otherwise because the judge misled the jury by equating "appreciable" with "considerable" (denoting "large in amount, extent, or degree"), thereby "ratchet[ing] up the threshold for conviction of DUI, so that a conviction of DUI appeared to require more than 'appreciable' impairment."[37] In short, the majority in *Taylor* perceived that the instructional error in that case was prejudicial to the prosecution, not the defense.

None of the reasons for finding lack of prejudice adduced in *Taylor* apply to the present case. First, we have no jury notes or other signs that the jury was prepared to find appellant guilty of OWI before, or for any reason apart from, the erroneous instruction it received. The only insight we have into the jury's thinking is its verdict.

Second, the jury in this case did not "necessarily" credit the testimony that appellant's impaired driving ability was perceptible, because there *was* other evidentiary support for a finding that he had a degree of alcoholic impairment

---

*(continued…)*

[36] *Id.* at 1267-68. The *Taylor* majority acknowledged that "[i]n theory, the term 'impaired in any way or at some level' could include a degree of impairment that is beyond unaided human perception (e.g., a level of impairment that escapes detection without specialized testing or equipment)." *Id.*

[37] *Id.* at 1269 (internal quotation marks omitted).

beyond "unaided human perception." Unlike in *Taylor*, here appellant admitted (both on the scene to Officer Gallagher and at trial) that he had had a drink prior to driving, and the officer testified that he still had alcohol on his breath. In addition, without accepting that appellant's performance in the field sobriety tests showed perceptible impairment of his ability to drive, the jury could have credited Officer Gallagher's opinion that the clues he observed in those tests indicated an 80% likelihood that appellant's blood alcohol content exceeded .10 grams per 100 milliliters of blood. Based on this evidence, jurors who understood the OWI "in any way" standard to include impairment at a level above zero but beyond unaided human perception could have been hard-pressed to acquit appellant under such a low standard even though they doubted that he displayed impairment. Their instructions permitted the jurors to assess the evidence in this manner.

Third, and perhaps most important, the jury's acquittal of appellant on the charge of DUI cannot be explained away as the result of a misleading instruction that led the jury to misapply the "appreciable degree" standard. We have no reason to conclude that the jury in the present case required a showing of more than an appreciable degree of impairment when it considered the DUI charge. We must presume the jury correctly understood and applied that standard. The jury's verdict therefore means it was not convinced appellant was appreciably impaired. We

cannot dismiss the significance of this. It bars us from upholding appellant's OWI conviction on the theory that the jury likely did find an appreciable degree of impairment.[38]

We are not persuaded that prejudice to appellant from the instruction that OWI and DUI require different degrees of impairment was prevented by the further instruction that:

> For both charges, the question to be resolved from all the evidence is whether the District of Columbia has proved beyond a reasonable doubt whether the defendant's consumption of alcohol impaired his ability to operate a vehicle in the same way a reasonably careful and prudent driv[er] not under the influence of alcohol would operate it in similar circumstances.

Although this additional paragraph reiterates that a finding of driver impairment is required by both charges, it does not correct or contradict the preceding instruction that a *different* finding of impairment is required for each; nor does it make clear that the finding required by OWI is an "appreciable" degree of impairment rather

---

[38] The principle that juries are permitted to return inconsistent verdicts, *see Evans v. United States*, 987 A.2d 1138, 1140 (D.C. 2010), does not apply here (as it would had the jury been instructed correctly that DUI and OWI share the same "appreciable degree" standard of impairment). Because the jury was instructed that different standards of impairment applied to the two offenses, its verdicts were not inconsistent.

than impairment "in any way." Even if the paragraph could have been read as inconsistent with the preceding instruction or as offering a unifying interpretive gloss on the two different standards of impairment previously given the jury, it is a confusing inconsistency or a vague and unenlightening gloss.[39] The proof of its inadequacy lies in the jury's verdict itself; if this final paragraph had been sufficient to convey to the jury a correct understanding of what it needed to find beyond a reasonable doubt, the jury could not rationally have found appellant guilty of OWI yet not guilty of DUI. It may not be clear exactly how the jury understood the words "impaired in any way" when it considered the OWI charge. But what is reasonably clear is that the jury did not understand those words to mean appellant had to be impaired to an appreciable degree, and that the jury found appellant guilty of OWI even though it was unwilling to find he was so impaired.

---

[39] *See Francis v. Franklin*, 471 U.S. at 322 ("Language that merely contradicts and does not explain a constitutionally infirm instruction will not suffice to absolve the infirmity. A reviewing court has no way of knowing which of the two irreconcilable instructions the jurors applied in reaching their verdict."); *McFarland v. United States,* 174 F.2d 538, 539 (D.C. Cir. 1949) ("If a charge to a jury, considered in its entirety, correctly states the law, the incorrectness of one paragraph or one phrase standing alone ordinarily does not constitute reversible error; but it is otherwise if two instructions are in direct conflict and one is clearly prejudicial, for the jury might have followed the erroneous instruction."); *see also Hatch v. United States*, 35 A.3d 1115, 1123-25 (D.C. 2011) (holding that the prejudice from a confusing instruction that the jury could have understood as eliminating or alleviating the government's burden of proof with respect to an essential element of the offense was not avoided by the court's general instructions on the government's burden of proof and the presumption of innocence).

We conclude there is at least a reasonable probability that the plainly erroneous instruction adversely affected appellant's substantial rights, by unconstitutionally allowing the jury to find him guilty of OWI without proof sufficient to the jury of an essential element of that offense. The third condition of the plain error doctrine is satisfied.

## D. Serious Effect on the Fairness of the Judicial Proceedings

As we have said, it is reasonably probable the (now-plain) instructional error in this case misled the jury and caused it to convict appellant of OWI even though the jury actually found the government failed to prove an essential element of the offense beyond a reasonable doubt. There is no question that such an error seriously undermines the fairness of the proceeding.[40]

---

[40] *Cf. United States v. Houston*, 792 F.3d 663, 668-69 (6th Cir. 2015) (holding that erroneous instruction on "the most crucial element of this crime" was an error "seriously affect[ing] the fairness, integrity or public reputation of judicial proceedings").

## V.  Conclusion

For the foregoing reasons, we reverse appellant's conviction for OWI and remand for further proceedings not inconsistent with this opinion.[41]

*So ordered.*

NEWMAN, *Senior Judge*:   Being of the view that we are the ultimate authority in construing D.C. court rules, I concur in results.

---

[41] Given that the jury's acquittal of appellant on the DUI charge signifies that it found the evidence insufficient to prove appellant was appreciably impaired, and that his OWI conviction was not inconsistent with his DUI acquittal, it appears a retrial on the OWI charge may be barred by the doctrine of collateral estoppel embodied in the Fifth Amendment guarantee against double jeopardy. *See Evans*, 987 A.2d at 1140-42.   Because the parties have not addressed this question, however, we refrain from doing anything more than raising it and allowing it to be addressed on remand if necessary.