McLeese, Associate Judge, dissenting:
For essentially the reasons stated by the court, ante at 809-13, I agree that Mr. Malloy's first two arguments do not warrant reversal. I respectfully dissent, however, from the court's conclusion, ante at 815-18, that the trial court committed reversible error by not sua sponte instructing the jury that the offense of threats requires proof that the defendant intended or knew that his or her words would be taken as a threat.
I agree that the jury was not correctly instructed as to the elements of threats and that that error is now plain in light of this court's decision in Carrell v. United States , 165 A.3d 314 (D.C. 2017) (en banc). My reasoning diverges from that of the court on the third part of the plain-error test: whether Mr. Malloy carried his burden to show that "there is a reasonable probability that but for the error the factfinder would have had a reasonable doubt respecting guilt." Muir v. United States , 129 A.3d 265, 275 (D.C. 2016). In analyzing that question, we must take into account the jury's finding that Mr. Malloy's references to shooting Mr. Johnson and Mr. Johnson's car were objectively threatening. Cf., e.g. , Pope v. Illinois , 481 U.S. 497, 503 n. 6, 107 S.Ct. 1918, 95 L.Ed.2d 439 (1987) (in determining whether erroneous instruction as to element of offense was harmless error, Court considers whether "the facts found by the jury were such that it is clear beyond a reasonable doubt that if the jury had never heard the impermissible *823 instruction its verdict would have been the same"). In other words, the question is whether there is a reasonable probability that the jury would have found that although Mr. Malloy's words were objectively threatening, Mr. Malloy did not intend or know that his words would be so understood. Such a reasonable probability could exist in some circumstances. For example, there could be evidence that the defendant's words, though objectively threatening, were intended as a joke. Or there could be evidence that the defendant had intellectual limitations. In the present case, however, I see no particular reason why the jury would have doubted that Mr. Malloy understood the threatening character of his references to shooting Mr. Johnson and Mr. Johnson's car.
In holding to the contrary, the court places substantial emphasis on the overall strength of the United States's case, even on issues that the jury resolved against Mr. Malloy. Ante at 819-20. In my view, that is not the correct inquiry. Although the United States's case as a whole was not overwhelming, the jury found beyond a reasonable doubt that Mr. Malloy's words were objectively threatening. Our task on plain-error review is to determine whether, given that finding, there is a reasonable probability that the jury would nevertheless have found that Mr. Malloy did not intend or know that his words would be so understood. As the court acknowledges, we have described a defendant's burden on plain-error review as "formidable," and we have held that reversal under the plain-error standard is appropriate "only in an extreme situation in which the defendant's substantial rights are so clearly prejudiced that the very fairness and integrity of the trial is jeopardized."Ante at 816 (brackets and internal quotation marks omitted). I do not believe that Mr. Malloy has made such a showing. I therefore respectfully dissent.